OTIS *et al.*, *Plaintiffs in Error*, v. EPPERSON.

1.    Civil Practice: ORDER OF PUBLICATION.  The order of publication made against non-resident, absent or 'unknown defendants, must designate therein the paper most likely to give notice to the person to be notified.  (R. S. sec. 3500).

2.    —— : ——.  When the order of publication is made in term by the court, the order so made must be published in the paper selected by the court.

3.    —— : —— : JURISDICTION.  Where in such case the order made by the court is not published, and instead thereof one made by the clerk is substituted and published, the court will obtain no jurisdiction over the defendants intended to be notified.

*Error to Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*H. Lander* for plaintiffs in error.

(1)  The court had no jurisdiction to render judgment in the back tax suit as to Mrs. Otis and her trustee, Terbell.    The owner of the land in back tax proceedings is the necessary party.    *Watt v. Donnall*, 80 Mo. 195; *State v. Clymer*, 81 Mo. 122; *State v. Sack*, 79 Mo. 661; *Vance v. Corrigan*, 78 Mo. 94.    (2)  There is no power either in the court or clerk to order publication against a non-resident outside of that given by statute, and the provisions of the statute must be strictly

observed. *Schell v. Leland*, 45 Mo. 289: *Galpin v. Page*, 18 Wall. 351 ; *Jordin v. Giblin*, 12 Cal. 100 ; *Ricketson v. Richardson*, 26 Cal. 149 ; *McMinn v. Whelan*, 27 Cal. 300.

*Sears & Guthrie* for defendant in error.

(1)    The final judgment in the back tax suit cannot be collaterally assailed. *Brawley v. Ranney*, 67 Mo. 280 ; *Rumfelt v. O'Brien*, 57 Mo. 569 ; *Lalrielle v. Dorleque*, 35 Mo. 233.    All mistakes in the publication of the notice to the defendants in the tax suit could and should have been tested in a direct proceeding to review the same.    *Cane v. McCown*, 55 Mo. 181 ; *Wellshear v. Kelly*, 69 Mo. 343.    (3) Purchasers at a sheriff's sale are required to look only to the judgment, execution, levy and sheriff's deed.    All other questions are between the parties to the judgment and the sheriff, *Lennox v. Clarke*, 52 Mo. 115 ; *Hewett v. Wetherby*, 57 Mo. 279.    (4) The defects in the back tax suit complained of are defects as to form, and not of substance, and were all cured by the verdict and judgment.    R. S. secs. 3494, 3568 ; *Wellshear v. Kelly*, 69 Mo. 343 ; *Gilkerson v. Knight*, 71 Mo. 405.

HENRY, C. J.—Plaintiffs sued in ejectment to recover possession of the south half of the northeast and northwest quarters of the northeast quarter of section thirteen, township twenty-seven, range fifteen, in Macon county.    It is conceded that, on the 1st day of August, 1871, H. G. Otis was the owner of the land, and by deed of that date conveyed it to his co-plaintiff, Henry S. Terbell in trust for Mary A. Otis.    The defendants claim, under a sale made by the sheriff of Macon county, on an execution issued upon a judgment of the circuit court, rendered in a cause in which the state to the use of the collector of said county was plaintiff, and H. G. and Mary A. Otis and Henry S. Terbell, were defendants.

The suit was originally against H. G. Otis alone, but, after he was duly served by publication the petition was amended by making Henry S. Terbell and Mary A. Otis co-plaintiffs, but the amendment was made by simply adding their names in the caption, no change being made in the body of the petition. At the term at which this amendment was allowed, the court made the following order :

"State ex rel. Gooding

vs.

"H. G. Otis et al. Defendants.

"At this day comes the plaintiff, by attorney, and by leave of court files his amended petition, making Mary A. Otis and Henry S. Terbell parties defendant herein, and the said plaintiff, proving that the said Otis and Terbell are non-residents of the state of Missouri, it is ordered that publication be made notifying said defendants of the pendency of this action, the object of which is to enforce the lien of plaintiff against certain real estate of defendants for delinquent taxes, and to notify them that unless they appear before this court at its next term, beginning on the third Monday in May, 1879, and on or before the 6th day thereof, plead to plaintiff's petition, the matters as therein stated will be taken for confessed and judgment entered in accordance therewith ; and it is further ordered that a copy hereof be published in some newspaper according to law, and *this cause is continued.*"

The notice was as follows :

"ORDER OF PUBLICATION.

"In the circuit court in Macon county, Missouri, May term, 1879. The State of Missouri at the relation and to the use of Wm. H. Gooding, collector of the revenue, plaintiff, against Mary A. Otis and Henry S. Terbell, defendants.

"Now, to-wit: January 24, 1879, this cause being called and it appearing to the satisfaction of the court, that Mary A. Otis, and Henry S. Terbell, two of the defendants in the above entitled cause, are not residents of this state, wherefore it is ordered that said defendants be notified by publication that a civil action has been commenced against them, the object and general nature of which is to obtain a judgment against the said defendants for the sum of one hundred and twenty-seven dollars and sixty-three cents, taxes for the years 1874, 1875, 1876, assessed and levied upon and against the following described real estate owned by the defendants and situate in said county, to-wit: The northeast quarter and the southwest quarter of section thirteen (13), township fifty-seven (57), range fifteen (15), in the county of Macon, together with interest, penalties, and costs already accrued and accruing herein, and to enforce the lien of the state against said real estate for said taxes, interest, penalties and costs, and unless they be and appear at the next term of this court to be begun and held at the court house in the city of Macon, within and for the county of Macon, on the third Monday in May next, and on or before the sixth day thereof (if the term shall so long continue, if not, then before the end of the term) answer the plaintiff's petition, the same will be taken against them as confessed. And it is further ordered that a copy hereof be published, according to law, in the *Examiner*, a newspaper printed and published in the city of Macon, in the county of Macon, aforesaid.

"Witness my hand and the seal of the circuit court of Macon county, this 4th day of February, 1879.

[SEAL.]                    T. S. SMEDLEY, Clerk."

The order of publication, made by the court was not published, but one made by the clerk was substituted and published. The statute provides that: "Every order (of publication) against non-residents  *  *  *  shall

be published in some newspaper published in this state, which the plaintiff, or his attorney of record, with the approval of the judge or clerk making the order may designate as most likely to give notice to the person to be notified." R. S., sec. 3500. This is not a formal matter, but a substantial requirement. If the petition is filed in vacation, and such showing made as authorizes the clerk to make the order in vacation, it is to be published in a paper which he approves. If made in term by the court, the paper selected must be approved by the judge. It is not left to the discretion of the plaintiff's attorney, or, when the order is made by the court, to the clerk and plaintiff's attorney; but the court must designate, in the order, the paper "most likely to give notice to the person to be notified."

Other questions are presented by the record, but as our ruling on this point is decisive of the case, it is unnecessary to notice them. The court obtained no jurisdiction over the persons of Mary A. Otis and Terbell or Fabell, and as to them the judgment rendered is a nullity and is reversed, and the cause remanded. All concur.