*W. O. Smith*, for proponents.

---

In the Matter of the Application of ROBERT LISHMAN for a Division Fence between Kuliouou and Niu.

APPEAL FROM THE FENCE COMMISSIONERS OF THE DISTRICT OF HONOLULU.

APRIL TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Fence Commissioners by law required to give due *public notice* before acting on petition; notice to parties supposed to be in interest not sufficient.

Decrees of the Commissioners to be effectual must include designation of the time within which the work shall be done.

Appeal sustained.

OPINION OF THE COURT, BY McCULLY, J.

This is an appeal from the decision of the Fence Commissioners of the District of Honolulu, Island of Oahu. Upon the application of Mr. Lishman, the Commissioners made the following award:

"The undersigned Commissioners of Fences for the District of Kona, Island of Oahu, Hawaiian Islands, having examined the fence situated between the land leased by Mrs. Perry from C. Lucas, and the land occupied by Robert Lishman at Niu, in

said Island of Oahu, do hereby decide that a wire fence of legal height is required between said lands—said fence to extend from end of stone wall (now existing and built by M. Pico) to wood land.

"Each party to pay one-half ($\frac{1}{2}$) the expenses necessary for the erecting said fence."

(Signed by the Commissioners).

The said Mrs. Perry appeals upon the ground that no "public notice" was given by the Commissioners. It is admitted that the only notice given by the Commissioners was a notification to Mrs. Perry, and that Mrs. Perry was represented by two persons when the Commissioners and the petitioner viewed the premises.

Public notice must mean a notice to the public, and is not made by one or several notices to one or several individuals. The statute requires public notice to be given without prescribing the method.

Some methods of "public notice" prescribed in other statutes are Section 237, page 55, of Compiled Laws, of the Pound Master, who is required to publish an account of estrays, in some newspaper both in the Hawaiian and English languages, or to post written notices weekly in both languages in three public places in his district, and also to make a *viva voce* proclamation weekly in said languages.

Section 1383, page 450, Comp. Laws, requires a guardian selling real estate, to give "public notice" of the time and place of sale, by causing notifications to be posted up in the most public places on the island where the estate to be sold is; and if it be on the Island of Oahu, notice is to be given in a newspaper at least fourteen days previous to the day of sale.

The Act relating to the Commissioners of Private Ways and Water Rights, page 135, Acts of 1886, does not in terms require "public notice," but provides for personal summons on all parties interested in the controversy, and when such party cannot be found, for notice by posters on the premises or by advertisement in the newspapers.

Notice given by the Commissioners of Fences, in some of the forms above prescribed as "public notice," would satisfy this statute. It is not for the Court to amend a statute by a particular requirement.

We must hold that the Commissioners failed to execute a necessary preliminary to their action, and that the decree is void in consequence.

The appellant also claimed that the decree was ineffectual in not complying with the statute by " designating the time within which the work shall be done." This is essential, in order to enable the other party, being aggrieved by the non-performance of the work, to do it and recover the expense thereof as the same shall be assessed by the Commissioners. This error of the Commissioners might be corrected by remanding the case to them ; but we have held that the whole proceeding is void.

The fault in the proceeding lying with the Commissioners, we consider that they are not entitled to their fees for these proceedings.

*C. Brown*, for appellant.

*W. O. Smith*, for appellee.