C. A. COFFIN, Appellant, v. G. S. ELGIN et al.,
Respondents.

### Division One, May 31, 1912.

1. **APPEAL: Evidence: Objections: Order of Publication.** The point that an order of publication failed to contain a *recital*, in express terms, that the court in directing it had designated the newspaper most likely to inform the defendants, is not raised on appeal by an objection to the effect that the court had not *in fact* selected a newspaper most likely to give notice.

2. **ORDER OF PUBLICATION: Designating Paper.** Where the statute provided, with reference to orders of publication, that they should be printed in some newspaper "published in the county where the suit is instituted, if there be a newspaper published there; if not, then in some newspaper published in the State, which the plaintiff . . . may designate as most likely to give notice to the person to be notified," the last clause, requiring a designation of a paper, applies only when the publication is ordered in a paper published in the State, and does not apply when publication is ordered "in some newspaper published in the county where the suit is instituted."

Appeal from Greene Circuit Court.—*Hon. J. T. Neville*, Judge.

Affirmed.

*Burkhead & Clark* for appellant.

*Hull, Delaney & Delaney* for respondent.

BOND, C.—Plaintiff sues to quiet title to certain lands in Douglas county, Missouri, a part of which he claims to own by limitation and the remainder by record title. The defendants answered by a general denial. The cause was taken to Greene county on change of venue, and submitted to the court on the 2d of April, 1908, when a judgment was rendered in favor of the defendants, for the reason that certain decrees or judgments had in several suits to quiet title, in all

of which the present plaintiff was a party defendant, were conclusive against any recovery in the present action. The plaintiff has wholly failed to file in this court any brief, printed argument or assignment of errors other than the insertion of a number of legal propositions at the end of his abstract with citations of cases and a request that the judgment be reversed and judgment be entered here in his favor. We are, therefore, left entirely to the contents of the abstract in order to ascertain what transpired on the trial of the case and what, if any, error then intervened, except that when this case was called we were favored with an oral argument by the learned counsel for appellant wherein he insisted that the title of the defendants (respondents) accrued through the medium of sales for taxes in suits against plaintiff wherein the court had no jurisdiction, and accrued also through certain actions brought against plaintiff and others to quiet title to the same lands by persons under whom the defendants now claim, as to which suits also he claimed the court was not possessed of jurisdiction. The specific objections made by him on his oral argument to the aforesaid proceedings were, first, that in some of such proceedings wherein orders of publication were necessary, the lower court failed to *recite* in its order of publication that it had designated the newspaper most likely to inform the persons to be notified, and that publications made under such order were not for the statutory period. In the abstract, however, on page 21, the objection interposed as to the newspaper in which the publication was made is only in the following terms; "and the order of publication fails to designate the paper most likely to give notice to defendants." The respondents filed no brief nor made any appearance on this appeal.

The alleged abstract of appellant to which we have been relegated shows that certain suits to quiet title to the same lands were brought against appellant by

certain persons under whom defendants now claim to own the land in controversy; that these suits resulted in judgments against appellant, and that the titles of the plaintiffs therein are now by mesne conveyances vested in the present defendants. The abstract does not set out that any appeal was taken by the present plaintiff from the judgments rendered against him in such actions. When the first of these judgments against the present plaintiff in the action to quiet title was introduced, on page 18 of his abstract, the objection then made by appellant was for the reasons which he had given when a sheriff's deed had been introduced, without specifying what those reasons were, and for the further reason that the publication was for less time than that prescribed by statute When the second of these judgments rendered in a collateral suit against appellant was introduced, on page 19 of his abstract, the objection then interposed by appellant was "the order of publication does not designate the paper most likely to give notice to the persons to be notified, and was not published for twenty-eight days." These objections were overruled, to which exceptions appear to be duly saved, on page 28 of his said record. On the introduction of the last of these judgments in the actions to quiet title against appellant, the objection interposed by him was that the order of publication was not published for 28 days, and "said order does not state that the paper designated is the one most likely to give notice to the persons to be notified," "and there is nothing in said suit to show that the plaintiff suggested or designated the paper to publish the order," which objection was overruled. The abstract, however, shows, on page 39, a formal order of publication made on the 27th of October, 1899, in the first of said suits to quiet title against appellant, requiring him to appear and plead in that action on or before the fourth Monday in March, 1900, and was in every respect regular, and as to the newspaper

in which it was published contained the following re-
cital: "And it is further ordered that a copy hereof
be published in the Douglas County Herald, a news-
paper printed and published in Douglas County, Mis-
souri." The affidavit of the publisher shows that the
first publication was on the 2d of November, 1899; that
it was continued for four weeks consecutively and
ended in the publication on the 23d of November,
1899.

We have been wholly unable to find in the ab-
stract anything substantiating the point made in oral
argument, that the publication in any of those suits to
quiet title was not made for the statutory period.

After the overruling of his motion for a new trial,
plaintiff perfected his appeal to this court.

## OPINION.

I.   From what has been shown in the foregoing
statement, it is clear that the only point presented for
review is the one relating to the claim that the ad-
judications rendered in the collateral suits brought
against appellant to quiet title to the lands in contro-
versy in this case were not conclusive of a bar to the
present action, because no jurisdiction was acquired by
the court of the person of appellant in those actions by
failure of the order of publication to contain, in ex-
press terms, a *recital* that the court in directing it
had designated the newspaper most likely to inform
the defendants.   This point does not arise under the
language of the objection made when those decrees
were admitted in evidence, for, as has been shown, the
ground of objection then made was not a failure on
the part of the order of publication to *recite* that it had
designated a newspaper most likely to give notice, etc.,
but that the court making the order had not in *fact*
selected a newspaper most likely to give notice, etc.
Hence, we might dismiss the contention made in oral

argument from further consideration on the ground that it was not within the specification or scope of the objection which he interposed at the time the judgments were introduced. For, clearly, it is not competent for a ground of objection to be urged to the admission of testimony in this court, other than the particular ground stated on the trial. But we think there is no merit in that contention, even if it be considered on its presentation in the oral argument here. The statute in force at that time provided with reference to such orders of publication, that they should be made in some newspaper ''published in the county where the suit is instituted, if there be a newspaper published there; if not, then in some paper published in this State, which the plaintiff, or his attorney of record, with the approval of the judge or clerk making the order, may designate as most likely to give notice to the person to be notified,'' etc. [R. S. 1899, sec. 581; amended R. S. 1909, sec. 1777.] It will be seen from the above quotation that the last clause thereof, requiring the designation of a paper, etc., applies only where the publication is ordered in a paper published in the State, and does not apply when the publication is ordered ''in some newspaper published in the county where the suit is instituted'' under a preceding provision of the statute. The record in this case shows that the publication was ordered in Douglas county, where this action was begun. Hence, the statutory requirement as to publication elsewhere did not govern. This distinction seems to have been overlooked in the case of Otis v. Epperson, 88 Mo. 131, cited by counsel for appellant in his oral argument. In that case only so much of the above quoted statute as refers to orders of publication *not* made in the county where the suit is instituted, was considered by the court. The other provision of the statute as to publications *in* the county where the suit is brought, was not ruled upon. Hence

that ruling is not in point and furnishes no support to the contention of appellant.

After a careful consideration of the alleged abstract, which consists of documentary matters and contains no oral evidence, we have been unable to discover any ground to convict the learned trial judge of error in his finding in this case. The judgment therefore will be affirmed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BOND, C., is adopted as the opinion of the court. All the judges concur.