JOHN G. FRITZ AND PAULINA FRITZ, PLAINTIFFS IN ERROR, V. CRIST GROSNICKLAUS, DEFENDANT IN ERROR.

1.  **Action quia timet.** Petition in an action to quiet title examined and *Held*, to state a cause of action.
2.  **Pleading: DEMURRER.** The filing of a demurrer to a pleading is a waiver of the right to file a motion for an order requiring the pleader to make the allegations of the pleading assailed more definite and certain.
3.  **Judgment: DEFAULT.** A motion, after judgment, to set aside a default should be accompanied by an answer showing a defense to the action. If not, and no defense is sought to be shown, the motion should be overruled. ·

ERROR to the district court for Holt county. Tried below before TIFFANY, J.

*Uttley & Small,* for plaintiffs in error.

*Kinkaid & King,* for defendant in error.

REESE, J.

This is a proceeding in error to the district court of Holt county.

The first question presented for decision is as to the alleged error of the district court in its ruling upon a demurrer to the petition of defendant in error, who was plaintiff below.

. The petition is as follows :

" 1st. The plaintiff for cause of action states the facts to be that on the 13th of May, 1881, he purchased, and thereby became the owner of, the northeast quarter of section thirty-two (32), township twenty-nine (29), range eleven (11) west sixth principal meridian, in Holt county, Nebraska.

" 2d. That, at the time of said purchase, plaintiff and

one David L. Ludwig were contemplating a co-partnership to carry on a general milling and other kindred business in Holt county, Nebraska, the members of which were the said plaintiff and said David Ludwig, and no others, in the said contemplated company.    Partnership was to be Grosnicklaus & Co., but said partnership at the time of said purchase had not been formed.

" 3d.    That plaintiff, supposing at the time of said purchase that said contemplated partnership would be formed, and, to save the expense. of recording said property, had said real estate deeded to Grosnicklaus & Co., to inure to the use of said partnership when it should be formed, as was then contemplated.

" 4th.    That the plaintiff paid the entire purchase price of said lands from his own individual funds.

" 5th.    That said contemplated co-partnership between plaintiffs and said David Ludwig was not, at the time of said purchase, nor at any time prior or subsequent thereto, actually formed, and no such co-partnership has ever in fact existed.

" 6th.    That the defendants now claim title, the nature and extent of which is unknown to plaintiff, in and to said premises by virtue of a partnership formed between the said plaintiffs and the said defendants herein and one Anna Grosnicklaus; but said partnership was formed long after the purchasing of said lands by plaintiff, and that neither of said defendants have any title or interest in said land or any part thereof.

" 7th.    The plaintiff further says that the claim of said defendants to title of said land casts a cloud upon the title of this plaintiff to said land.

" 8th.    The plaintiff further says that he is the absolute owner of said land in fee simple, and defendants have no right or title in the same.    First. Plaintiff therefore prays that each of said defendants may be summoned to appear and show cause why the title of plaintiff should not be

quieted in and to said lands. Second. That on the final hearing of this cause this plaintiff be decreed to be the absolute and sole owner of said premises, and that upon the final hearing of said cause said defendants and each of them be perpetually enjoined from having or claiming any interest or title in and to said premises or any portion thereof, and that plaintiff have such other and further relief as may be just and equitable.

The grounds for demurrer are that the petition does not state facts sufficient to constitute a cause of action, and that "it does not appear from the facts stated that there is any cloud on plaintiff's title."

The demurrer was overruled.

It is insisted that the petition fails to state a cause of action in that it does not contain any averments describing the character of the alleged claim of plaintiffs in error, nor that they have no title or interest in the land described in the petition.

It must be conceded that the petition is not skillfully drawn, and is not as full in its averments as might be desired by a careful pleader; but we think that by the application of the liberal rules which prevail, under the code, for the construction of pleadings (*Humphries v. Spafford*, 14 Neb. 489. Sec. 1 Civil Code), the petition is sufficient. By it we are informed that plaintiff and one Ludwig contemplated the formation of a partnership, the firm name or style of which was to be "Grosnicklaus & Co."; and that for the benefit of said firm plaintiff purchased the real estate described, with his own means; but to avoid any further expense in conveying the title to the new firm when formed, he caused the deed to be made so as to convey directly to it. This partnership was never created, and therefore did not take title. That defendants (plaintiffs in error here), one Anna Grosnicklaus, and defendant in error, afterwards formed a partnership, and that by virtue of this partnership relation "the defendants now claim title to the

land, the nature and extent of which is unknown to plaintiff.    *    *    *    But said partnership was formed long after the purchase of said lands by plaintiff, and that neither of said defendants have any title interest in said lands, nor any part thereof." This is sufficient. If plaintiffs in error have no interest nor title to said land, but, by reason of their partnership relation to defendant in error, and the peculiar language of the deed in question, are asserting a title, it would afford ground for relief. It is claimed that the petition should allege the terms of the partnership, and whether or not it still existed, etc. We cannot see that either of these facts could become essential or material if the real estate did not enter into or become a part of the partnership property. But suppose these allegations were necessary in order to render the petition more definite and certain as to the exact cause of action sought to be stated, the proper remedy would have been a motion for a more specific statement, made before filing the demurrer.

After the demurrer had been overruled, a day was fixed upon, on or before which plaintiffs in error were required to plead to the petition. Instead of answering to the merits of the petition, plaintiffs in error filed a motion asking an order requiring defendant in error to make his petition more definite and certain in the following particulars: "To state in the sixth paragraph of his petition the date at which the partnership was formed, the names of the persons to such partnership, the terms and conditions of such partnership, whether such partnership is still existing or not, and if dissolved, the terms of such dissolution." This motion was stricken from the files upon the application of defendant in error, and this ruling is assigned for error. The holding was correct. The filing of the demurrer was a waiver of the right to file a motion for a more specific statement. Maxwell's Pl. and Pr. (1885 ed.), 167. *Savage v. Challis*, 4 Kas., 319.

After disposing of the motion for a more specific state-

ment, a default was entered against plaintiffs in error, and on the same day the proofs were heard and a decree rendered in favor of defendant in error, in accordance with the prayer of his petition. Three days afterwards plaintiffs moved the court to set aside the decree, assigning twelve grounds or reasons for the motion, all of which were the alleged errors of the court in the rulings above referred to, and in its findings of fact on the trial, as well as in rendering the decree. No answer was presented, and no intimation was given as to whether a defense to the action existed. This was necessary.

The motion was overruled, and we think the ruling was correct.

The decree of the district court is affirmed.

DECREE AFFIRMED.

THE other judges concur.