KAILIANU (w.) and LEA (w.) *vs.* LUMAI (k.) and KAUWE (k.)

EXCEPTIONS FROM FOURTH CIRCUIT COURT.

HEARING, MARCH 31, 1891.	DECISION, APRIL 21, 1891.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

The evidence of the father of the plaintiffs that neither he nor his daughters were in possession of the land claimed, from the time of a decision of Circuit Judge McBryde's (1868) to the beginning of this action (July, 1889), and the defendants showing that they were in possession during this period, the verdict of the jury for the plaintiffs is manifestly against the evidence.

Verdict set aside and new trial ordered.

OPINION OF THE COURT, BY JUDD, C.J.

This is an action of ejectment to recover land at Kapaia, Hanamaulu, Kauai, tried at the last term of the Circuit Court of the Fourth Judicial Circuit. The verdict was for the plaintiffs, to which the defendants excepted, as being contrary to law and the evidence and the weight of the evidence, and move for a new trial.

The entire testimony for the plaintiffs to support their claim of relationship to Naehu, the patentee, was by Nika Paniolo, their father. He says that Naehu died in 1847, leaving Keliikupololei, a daughter, who was the grandmother of his daughters, the plaintiffs. This was denied by four witnesses on the part of the defendants, who say that Naehu died without issue. The jury, however, preferred to believe the testimony of this

interested witness rather than that of the witnesses who opposed him. But the evidence by this same witness for the plaintiffs, on the defense of adverse possession, is to the effect that when Judge McBryde heard the matter of the Estate of Naehu in Probate, he left the land, and there is no evidence that he ever resumed possession of it. The proceedings before Judge McBryde were not introduced, and we are in the dark as to their exact nature. It was proved, however, that they were had in 1868. The deduction is clear that plaintiffs, either personally or by their father, Nika Paniolo, were not in possession of this land from 1868 to the date of bringing this action, July, 1869, a period of twenty years. There was abundant testimony that the defendants were in possession during this period. It is not necessary to discuss whether the possession of one of the defendants was adverse, he being the administrator of Naehu, for the record of the proceedings in Probate was not introduced, and we do not know whether the proceedings were to appoint an administrator, or for a decree of heirship, a common proceeding by some Circuit Judges in those times.

The jury, we are satisfied, disregarded the testimony and acted upon some bias or prejudice in arriving at their verdict, which is so manifestly wrong that we feel compelled to set it aside and order a new trial, which is done accordingly.

## CONCURRING OPINION OF DOLE, J.

On the question of inheritance there was substantial evidence for the plaintiffs in the testimony of Nika Paniolo, the father of the plaintiffs, and the jury had the discretion of accepting and acting on it as true, against the greater number of witnesses who testified for the defense on this point. The Court, therefore, would not be justified in ordering a new trial on the ground of there being insufficient evidence to support a verdict on the question of inheritance.

The defendants, on their other defense of adverse possession, introduced evidence showing that in 1868 there were proceedings in probate referring to this land, and that from that time they had been in possession of the land. Their evidence is

clear. and definite that their possession was adverse so far as the plaintiffs were concerned, and was notorious and uninterrupted.

The plaintiffs put Nika Paniolo on the stand in rebuttal of this claim by adverse possession, who testified in substance that after Naehu's death he cultivated the land and that on account of McBryde's decision he gave up the land, and that it went to them (presumably the defendants) by Judge McBryde's decision ; that he left the island with his daughters in 1869 and returned in 1872 and "lived there in grass house near inia tree," that the inia tree was not on land in dispute ; that " we lived there together. I quit in 1874. After my return I lived with defendants."

This testimony rather supports the defendants' theory of adverse possession than attacks it. There is no evidence of an assertion of his claim to the land or an ouster of the defendants or an interruption of their possession in any way after 1868. His statement that after his return he lived with the defendants has, as it stands, no significance or value ; it is not evidence upon which an ouster or an interruption to the defendants' possession can be presumed. The plaintiffs also introduced three other witnesses in rebuttal of the defendants' claim by adverse possession. The first one, Kaohele, and the third, Puko, said absolutely nothing which tended to rebut this claim; the second, Kahinu, stated that in 1872 the defendants were not living on the land. A bare statement like this is not sufficient to overthrow a *prima facie* case of title by adverse possession. It is true that an abandonment of the premises by the defendants would have stopped the running of their adverse possession, but a mere absence is not an abandonment, nor would a residence elsewhere, while the premises were used by them or their tenants, have that effect.

The rebuttal has entirely failed to produce any evidence which justifies the verdict, and I agree with the decision of the Court ordering a new trial.

*A. Rosa*, for plaintiffs.

*W. O. Smith*, for defendants.