KAILIANU (w.) and LEA (w.) *vs.* LUMAI (k.) and KAUWE (k.)

EXCEPTIONS FROM FOURTH CIRCUIT COURT.

HEARING, JULY 1, 1892. DECISION, MARCH 21, 1893.

JUDD, C.J. AND BICKERTON, J. Dole, J. did not join in the decision.

A Probate Court has no authority. upon a petition for letters of administration, to order real estate divided among the heirs of an intestate.

*Keahi vs. Bishop*, 3 Hawn., 546, distinguished.

OPINION OF THE COURT, BY JUDD, C.J.

This case is presented on a bill of exceptions from the Circuit Court of the Fourth Judicial Circuit. It is an action of ejectment to recover land described in Royal Patent number 4823, to Naehu, situated at Kapaia, in Hanamaulu, Kauai. The plain-

tiffs put in their case tending to show that they were the great-grand-daughters of the patentee, Naehu. Among the evidence for the defense was a certified transcript of certain proceedings had in probate before the late Circuit Judge McBryde. They were in substance a petition by Lumai that he be appointed administrator of the estate of Naehu, alleging that he died intestate on the 10th November, 1849. This petition is dated the 26th November, 1867, and the Court appointed the 13th February, 1868, for the hearing of same, and the usual notice to all persons interested was published. At the hearing on the day set, the Court took the testimony of several witnesses as to the genealogy and descendants of Naehu. The property was shown to consist *solely* of the land in dispute. Nika, the father of the plaintiffs, was present in Court and testified as to the property, but no testimony appears to have been given by him as to the relatives of Naehu. All the other witnesses say that Naehu died without issue. The record shows that the Court thereupon decided that the property should be equally divided between Kaelehonia, Lumai, Maria, Kauwe and Mailolo—as being the issue of Mu, who was the son of Kanehuehue, a brother of Naehu, on the one hand, and Paulea, a child of Laau (w.), who was the daughter of Iaa, another brother of Naehu, and Laau, child of Waineke, a child of the Laau first mentioned, on the other hand. The Presiding Justice then charged the jury as follows :

" The defendant at this stage has put in the decision of Judge McBryde in the probate proceedings in the estate of Naehu, deceased, which compels the Court, having admitted this as proper to be introduced into the evidence, to instruct you positively with regard to your verdict. Because, at that time, Lumai brought these proceedings and evidence was taken and Nika was present, representing his wife and children then, if he had any, and the decision was given and not appealed from ; proceedings known to Nika and not appealed from. This decision excludes the theory of direct descendants of Naehu through Keliikupololei, his supposed daughter, as claimed by the plaintiffs, excludes that line of descent entirely, and finds other heirs

to the property, including the defendants. And the law is, that a question of pedigree having been settled by a Judge of Probate cannot thereafter be re-opened; it is settled once for all. Not being appealed from, it is finally settled, and that excludes all of the testimony that has been given to you in regard to the descent from Naehu through his daughter Keliikupololei. And that being the sole issue, the sole foundation for the claim of the plaintiffs, it destroys their claim before this Court, and so it is my duty to instruct you to find a verdict for the defendants. The responsibility is on the Court as a question of law.".

We are of opinion that the charge was erroneous. The proceedings before the Circuit Judge were upon a petition for letters of administration. Passing by the question as to whether the Probate Court had authority at all to entertain a petition for administration on an estate consisting solely of real estate of an intestate who had died seventeen years before, when all claims to be settled by the administrator would have been barred by the statute of limitations, it is very clear that the judgment rendered by the Circuit Judge was not responsive to the petition. His judgment was that the intestate's land should be equally divided between certain persons whom he found to be the heirs. This could not be done on a petition for letters of administration. It was a usurpation of jurisdiction that was common enough in the Probate Courts of fifteen or twenty years ago. Undoubtedly such findings were generally in accord with the real facts, and for that reason have been very generally acquiesced in. But neither by statute nor by precedents does such an authority exist. If the petition before the Court was for the appointment of an administrator, all that was *coram judice* was either the appointment of one or the refusal to appoint one. We hold that the Court had no authority, upon the petition for letters, to order the real estate partitioned among the heirs.

This case differs radically from *Keahi vs. Bishop*, 3 Hawn., 546. There the administrator had been appointed, had settled the debts and brought money into Court to be distributed to the heirs of the intestate. The Probate Court was held to have authority to ascertain who the distributees were, and, having

the various claimants before it and hearing the evidence of their relationship, made a decree as to who were entitled to the fund by virtue of their relationship to the intestate. This decree adjudicating the descent or pedigree was held to be " binding, not only in the proceedings in which they take place, but in every other in which the same question is agitated"—but it is only binding when the decree is a competent one, that is, made by a Court having jurisdiction.

We therefore set aside the verdict and order a new trial.

*A. Rosa*, for plaintiffs.

*W. O. Smith*, for defendants.