KAILIANU AND LEA *vs.* KAUE, Surviving Defendant.

ExCEPTIONS.

HEARING, JUNE 25, 1894.          DECISION, OCTOBER 18, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

A new trial should not be granted for an erroneous rejection of evidence
of such slight importance that there is no reason to believe that a
new trial, if granted, would result differently, especially after two
juries have already rendered the same verdict.

OPINION OF THE COURT, BY FREAR, J.

This action was begun in July, 1889, and has been tried
three times.   It is ejectment for land at Kapaia, Hanamaulu,
Kauai, covered by R. P. 4823, L. C. A. 3371, to Naehu.   One
of the two original defendants, Lumai, died between the
second and third trials.   At each trial there were two issues
—descent and adverse possession, the plaintiffs claiming by
the former title, the defendants by both titles.   The first
trial resulted in a verdict for the plaintiffs, but this was set
aside on the ground that it was contrary to the evidence on the
issue of adverse possession.   8 Haw., 256.   At the second
trial the presiding Justice directed a verdict for the defen-
dants on the ground that the question of pedigree had been
settled in their favor by a decree in probate made by Circuit
Judge McBryde in 1868.   This verdict was set aside on the
ground that the Circuit Judge had no jurisdiction to make the
decree in question.   8 Haw., 508.   At the third trial the
verdict was again for the plaintiffs.   There was evidence on
both sides of each issue, and, although an exception was
taken to the verdict as contrary to the evidence, it was
practically abandoned in this Court.   The exception now
relied upon is to the instruction of the court that " the jury

should leave out of their consideration the decision of Judge McBryde in 1868, but they are at liberty to consider the testimony of the witnesses before him who have been shown at this trial to have since deceased."

The record shows that the testimony given in the probate case was read to the jury in this case, but does not show that the decree was offered or put in evidence. The trial judge and counsel, however, evidently regarded it as having been introduced, and we shall so consider it, especially as the result of our decision will be the same.

It is argued that the decree was admissible for what it was worth, not as conclusive or perhaps even *prima facie* evidence of what it purports to adjudicate, but for certain other purposes, as, for instance, to show the character in which the defendant took possession, or to show an admission or acquiescence on the part of Nika, the principal witness for the plaintiffs, who was also a witness in the probate proceedings and is the father of the plaintiffs who were then minors, or that he then gave testimony inconsistent with that which he now gives, or that he made no objection to evidence given then for the present defendant by other witnesses, or that he now testifies to facts which those witnesses, if living, could controvert. The trial judge apparently thought that the decree should be either admitted or rejected without qualification, and it does not appear that any middle course like that now suggested by counsel in this Court was pointed out to him. At least no instruction to that effect appears to have been requested.

No case has been cited to us which goes so far as to hold that a decree absolutely void as to all persons is admissible for any purpose whatever, but conceding that such a decree is admissible, not as evidence of the truth of its contents or of the facts on which it was based, but for the purpose of showing the mere fact that it was made and whatever is properly inferable from that fact, we do not see that sufficient cause has been shown in this instance for granting a new trial.

The decree obviously has no bearing upon most of the points above enumerated, suggested by counsel as reasons for its admission. The testimony given in the probate matter was alone relevant on those points, and this, as we have seen, was allowed to go to the jury. And as to the other points, the decree could certainly add but little, if any, to the weight of the other evidence,—so little, indeed, that there is no reason to believe that a new trial, if granted, would result in a different verdict. There have been three trials already in this case, and the verdicts in the two submitted to the jury were both for the plaintiffs. Under the circumstances we would not be justified in further prolonging this litigation. New trials are not to be granted for light reasons, especially after so many trials have already been had.

The exceptions are overruled.

*A. Rosa*, for plaintiffs.

*A. S. Hartwell*, for defendants.