MARY CHARMAN, LYDIA MILLER, HENRY CHAR-
MAN, PRISCILLA CHARMAN, FRED MILLER,
GEORGE CHARMAN, MOSES MILLER, MAR-
GARET MILLER, WILLIAM CHARMAN, JR., AND
JAMES CHARMAN *v.* WILLIAM CHARMAN.

APPEAL FROM CIRCUIT JUDGE, FIFTH CIRCUIT.

SUBMITTED NOVEMBER 13, 1905. DECIDED NOVEMBER 23, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

EQUITY—*quieting title.*

>   Equity has no jurisdiction to quiet title by removing a cloud
>   where there is no cloud alleged.

ID.

>   In a suit in equity to quiet title to land where the bill shows that
>   defendant had an interest in the land in common with the plain-
>   tiffs and the answer denies that plaintiffs have any title, a decree
>   based on the pleadings without any evidence having been taken
>   that plaintiffs are the owners of the land and that defendant has
>   no estate, right, title or interest in the land cannot be sustained.

OPINION OF THE COURT BY WILDER, J.

This is a suit in equity to quiet title. Plaintiffs' amended
bill of complaint alleges: "That they are the devisees under
the last will of George Charman, deceased, who died at Koloa,
on the Island of Kauai, on the 2d day of January, 1892; that
the said George Charman during his life time and the plaintiffs
above named as devisees since the time of his death have been
and are the owners and in the actual possession" of a certain piece
of land on Kauai; "that the said defendant claims an interest
or interests therein adverse to the plaintiffs, and that the claim

of the said defendant is without any right whatever, and that the defendant has not any estate, right, title or interest whatever in said lands or premises or any part thereof except as one of the devisees under the will of George Charman, deceased; that said defendant claims that he is owner of the above described premises in fee simple and is entitled to the possession thereof by reason of which said claim said premises have been damaged and the above named plaintiffs have been and are unable to dispose of or lease the said premises to advantage." The prayers are "that the said defendant may be required to set forth the nature of his claim and that such adverse claim of the said defendant may be determined by a decree of this court and that by said decree it be declared and adjudged that said plaintiffs are the owners of the said premises, and that this defendant has no right, title or interest therein, except as one of the devisees under the will of George Charman, deceased, and also that the said defendant and those claiming under him, his agent or servants, be forever debarred from asserting any claims whatever in and to said lands and premises adverse to the plaintiffs." The answer of the defendant sets forth that: "This defendant denies that plaintiffs are the owners as devisees under the will of George Charman, deceased, to the land described in said bill—for that during the life time and since the death of George Charman, was not or had any title to said land to devise all or any portion of the said land described in said bill; that said land described in plaintiffs' bill belongs to one W. Likeke now deceased, that he had during his life time mortgaged the same to one C. R. Bishop dated 22d day of July, 1869, and from said C. R. Bishop assigned over to said George Charman, deceased, on, to wit, the 15th day of September, 1874, which said mortgage is of record, not being fully paid or cancelled to the present day; that said George Charman, deceased, during his life time had collected the rents and profits from said land as mortgagee to liquidate the mortgage and debt on said land, and that since his decease his devisees are collecting the rents and profits from said land described in said bill."

The circuit judge found in favor of plaintiffs upon the pleadings without taking any evidence, and decreed that plaintiffs are the owners of the premises and entitled to the possession and that defendant has not any estate, right, title or interest therein, and that defendant be barred from asserting any claim to the said premises adverse to plaintiffs and from collecting rents therefrom or in any manner interfering with the occupation of same by plaintiffs. The defendant appealed.

The jurisdiction of equity to give relief in matters of quieting title is either by a bill of peace, which generally lies only in favor of a person in possession who has already established his title by one or more successful contests at law, or by a bill to remove a cloud, which is to procure the cancelation, delivery up or release of an instrument, incumbrance or claim constituting a cloud on the plaintiff's title which could be used to injure or vex the plaintiff in the enjoyment of his title. See *Holland v. Challen,* 110 U. S. 15; 3 Pomeroy, Equity Jurisprudence, Sec. 1398. This is a suit brought apparently to remove a cloud, but under the allegations of the amended bill there is no cloud for equity to remove. See *Harms v. Kranz,* 167 Ill. 421. Irrespective of this, however, the decree cannot be sustained.

The circuit judge found in favor of the plaintiffs on the pleadings without taking any evidence. This was done apparently on the theory that defendant by his answer had disclaimed ownership in the land. However the answer may be regarded, it denies the title of plaintiffs, and, therefore, plaintiffs should have proved their title to the land before being decreed to be the owners. And the amended bill shows that defendant has an interest in the land in common with the plaintiffs. How then can it be held from the pleadings that defendant has no estate, right, title or interest in the land?

The decree appealed from is reversed and the cause is remanded to the circuit judge of the fifth circuit.

*M. F. Prosser* for plaintiffs.

No appearance for defendant.