## JOSEPH PAIKO, CATHERINE K. PAIKO, JOSEPH PAIKO, JR., AND MARY K. PAIKO v. THE RIGHT REVEREND LIBERT H. BOEYNAEMS, BISHOP OF ZEUGMA.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JULY 15, 1912.　　　　　　DECIDED JULY 19, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EQUITY—*suit to quiet title.*

A bill in equity cannot be maintained as a bill of peace to quiet title in the absence of an averment that the complainant has established his title through litigation at law.

SAME—*suit to remove cloud on title.*

    A bill in equity cannot be maintained as one to remove a cloud on title to land where the alleged cloud consists merely of verbal assertions of a pretended claim.

SAME—*jurisdiction to construe wills.*

    A court of equity has no jurisdiction to construe a will where no trust is involved and the claims of the parties are of strictly legal interests in land.

OPINION OF THE COURT BY ROBERTSON, C.J.

The complainants exhibited their amended bill in equity to a circuit judge of the first judicial circuit, the principal facts set forth therein being as follows: That one Manuel Paiko died at Honolulu on or about the 1st day of April, 1890, leaving a will which was thereafter duly admitted to probate, a copy thereof being made part of the bill; that the testator left surviving him a widow, since deceased, also a son, Joseph Paiko, and a grandson, Joseph Paiko, Jr., complainants; that among the properties owned by the testator at the time of his death were certain premises situate at the corner of King and Maunakea streets, in Honolulu, and a piece of land at Kuliouou, Oahu; that ever since the death of the testator his said son has been and now is in possession of said premises at the corner of King and Maunakea streets, and that said son and grandson claim an estate of inheritance in said premises under and by virtue of a certain provision contained in the will; that ever since the death of the testator his said grandson has been and is now in possession of said land at Kuliouou claiming ownership of the same in fee simple by virtue of a certain other provision contained in the will; that the respondent "pretends to claim an interest in the property," referring to both premises above mentioned, "under the seventh clause of said will, but your petitioners have no knowledge or information as to the nature of said claim, and as to whether the said respondent claims such interest as trustee of the Roman Catholic Church, as successor to said Bishop Her-

man, as executor of said will, or otherwise;" that said pretended
claim is unjust and against complainants' rights, and constitutes
a cloud on the title to said lands; that the complainants desire
to sell or mortgage said lands but are unable to do so for a rea-
sonable sum because of the said claim of the respondent; and
that unless the cloud upon the title be removed and complain-
ants' title in the property be quieted the complainants will suffer
irreparable harm and injury.   The bill prays that the respond-
ent be required to appear and answer and to set forth the exact
nature and kind of his pretended claim in or to said property;
that Joseph Paiko and Joseph Paiko, Jr., be adjudged to have
an estate in fee simple in the premises at the corner of King
and Maunakea streets; that Joseph Paiko, Jr., be adjudged the
owner in fee simple of the land at Kuliouou; that said respond-
ent be adjudged to have no interest in the property of the estate
of Manuel Paiko, deceased; for an injunction commanding the
respondent to refrain from asserting or claiming any interest in
said lands; and for general relief.   The respondent demurred
to the bill on several grounds of which it will be necessary to
notice only those which question the sufficiency of the allega-
tions of the bill and challenge the jurisdiction of a court of
equity in the premises.   The complainants have appealed from
a decree sustaining the demurrer and dismissing the bill.

The bill cannot be sustained as a bill of peace to quiet title
since it has not been made to appear that the complainants have
established their title through litigation at law.   Counsel for
the appellants confidently relies on the case of *Holland* v. *Chal-
len,* 110 U. S. 15, as being a controlling authority for the main-
tenance of the present bill.   In that case it was held that a
statute of Nebraska which provided that "an action may be
brought and prosecuted to final decree, judgment or order by
any person or persons, whether in actual possession or not, claim-
ing title to real estate, against any person or persons who claim
an adverse estate or interest therein, for the purpose of de-
termining such estate or interest and quieting the title to such

real estate," had the effect of enlarging, in that State, the equitable rights of parties claiming the legal title to real property where there is no plain, adequate and complete remedy at law, and that such enlarged rights would be recognized and enforced in the courts of the United States. But there is an important difference between the Nebaska statute and that of this Territory relating to actions to quiet title to land. Section 2085 of the Revised Laws provides for the bringing of such actions in the *circuit courts.* And it has uniformly been held that it left untouched the jurisdiction of the circuit judges in equity. *Kahoiwai* v. *Limaeu,* 10 Haw. 507; *Flores* v. *Maka,* 11 Haw. 512; *Ahmi* v. *Ashford,* 12 Haw. 12. The case of *Holland* v. *Challen* does not support counsel's contention.

Nor can the bill be sustained as a bill *quia timet* to remove a cloud upon title because the existence of such a cloud is not averred. The allegations that the respondent has asserted a pretended claim to the property which prevents the complainants from mortgaging or selling the lands for a reasonable sum do not show a cloud upon the complainants' title to the lands. The term "cloud on title" is defined as "an outstanding claim or incumbrance which, if valid, would affect or impair the title of the owner of a particular estate, and which apparently and on its face has that effect, but which can be shown by extrinsic proof to be invalid or inapplicable to the estate in question." 6 A. & E. Enc. Law (2nd ed.), 149. Mere verbal assertions of ownership are not regarded as clouds upon title. *Devine* v. *Los Angeles,* 202 U. S. 313, 334; *Charman* v. *Charman,* 18 Haw. 415. The inference to be drawn from the bill in this case is that the "pretended claim" of the respondent has only verbally been asserted. Clearly, therefore, the claim does not constitute a cloud on complainants' title. The case stated by the bill in the case at bar is no stronger than was that of the complainants in the *Charman* case, where it was held that equity has not jurisdiction to declare a plaintiff's title and to remove a cloud upon it created by the assertion of an adverse claim followed by acts of

trespass and annoyance to the plaintiff, where the respective claims depend upon the settlement of a legal controversy under a will.    The present case is governed by the principle laid down in that case.

It would seem that the real object of the bill was to obtain a construction of the will of Manuel Paiko.    We hold, however, in accordance with the great weight of authority, that a court of equity has no jurisdiction to construe a will where, as here, no trust is involved and the claims of the parties are of strictly legal interests in land.    1 Underhill on Wills, Sec. 455; 3 Pomeroy's Eq. Jur. (2nd ed.) Sec. 1156.

Decree affirmed.

*J. Lightfoot* for complainants.

*Larnach & Robinson* for respondent.