# IN THE MATTER OF THE ESTATE OF DAVID P. KAIENA, DECEASED.

## No. 1033.

RESERVED QUESTIONS FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

SUBMITTED DECEMBER 7, 1917.    DECIDED DECEMBER 20, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

COURTS—*circuit judge at chambers—probate jurisdiction.*
    The provision of section 2272, R. L. 1915, giving circuit judges at chambers jurisdiction "to determine the heirs at law of deceased persons and to decree the distribution of intestate estates" does not extend to cases where the decedent left a will though there be a partial intestacy.

EXECUTORS AND ADMINISTRATORS—*title to real estate.*
    Title to real estate vests at once on the death of the owner in his heirs or devisees, and without an order of court. An executor takes no title to the real estate of his testator nor power over the same except under special circumstances for a certain limited purpose.

OPINION OF THE COURT BY ROBERTSON, C.J.

It appears by the record in this case that the will of one David P. Kaiena, deceased, having theretofore been duly admitted to probate by a circuit judge of the first circuit court, sitting in probate, the executrix of the will filed a petition for the approval of her account and for the disposition of the estate which consists entirely of land, there being no money or other personalty to be distributed. The circuit judge, being in doubt, reserved for the consideration of this court three questions, as follows:

"a. Has the circuit court, or a judge thereof, sitting at chambers, in probate, in a case such as above described, jurisdiction and authority—and is it good and correct practice for such court, under such circumstances — to make and enter a decree of distribution describing and embracing the real estate devised. in and by the will which is under consideration?

"b. Do the devisees of real estate named in a will, duly probated in our courts and under our practice, take title in and to the real estate thereby devised, merely by virtue of such will, and of its admission to probate,—or, do they take title by virtue of a decree of distribution of such real estate to be made by said circuit court or judge sitting in probate?

"c. If it be competent, and good and correct practice for the circuit court or judge, under such circumstances, to so distribute, by its decree, the real estate devised in and by such will,—then to whom should said real estate be distributed, and in what estates and proportions? And more particularly, do the devisees named in said will, namely, Mrs. Henrietta Kahalaulikanahele Bishaw, Mary Annie Kealakaa and Henry Luuloa, take an estate in fee, or an estate for life, or some other and different estate, and, if so, what estate, in the lands so devised? And, if said devisees, Mrs. Henrietta Kahalaulikanahele Bishaw, Mary Annie Kealakaa and Henry Luuloa, take an estate

less than an estate in fee simple, to whom, and in what proportions and estates should the remainder be distributed?"

Under section 2272 of the Revised Laws circuit judges at chambers have jurisdiction, among other things, "to determine the heirs at law of deceased persons and to decree the distribution of intestate estates." As pointed out in *Mossman* v. *Hawaiian Government,* 10 Haw. 421, 432, in order to give the probate court jurisdiction under that provision the proceeding must be one instituted, upon proper notice, directly for the purpose of determining heirs and distributing an intestate estate. The proceeding in the case at bar is described in the record as one "for the approval of the account of said executrix, and for the disposition of said estate, or other appropriate order and decree in the premises," and we doubt whether it could be regarded as a direct proceeding to determine heirship to real estate. What notice, if any, was given of the proceeding does not appear.

The will which was crudely drawn in the Hawaiian language may not clearly disclose the testator's intent. The only counsel who have appeared in this court take the view that only life estates in the land were disposed of by the will, and that there is an intestacy as to the remainder. We are of the opinion that the jurisdiction of circuit judges to "decree the distribution of intestate estates" extends only to cases where the decedent left no valid will, and does not include cases where there is a will but a partial intestacy. A court of equity has no jurisdiction to construe a will where the claims of the parties are of a strictly legal character and no trust is involved. *Paiko* v. *Boeynaems,* 21 Haw. 196. Nor, in the absence of statute, have probate courts such jurisdiction except to such incidental extent as may be necessary in the exercise of their general jurisdiction over the

ordinary administration of estates. 40 Cyc. 1842. See *Nakookoo v. Noholoa*, 19 Haw. 667. To determine the heirs and decree the ownership of land as intestate property where the decedent left a will would generally, as it would in this case, require the construction of the will in all its parts. We think the legislature has not manifested an intention to confer such jurisdiction on circuit judges sitting in probate. Prior to the original enactment of the statute in question it had been the practice of the probate courts to decree the ownership of land and its division among the heirs in settling the administration of intestate estates. But in the case of *Kailianu* v. *Lumai*, 8 Haw. 508, that was held to be "a usurpation of jurisdiction" as "neither by statute nor by precedents does such an authority exist." Probably the statute was passed in order to legalize the prevailing practice, but its language does not require a holding that it applies to cases of mere partial intestacy.

Title to land is acquired either by descent or purchase. Title transferred by will falls within the latter category. The devisee takes title from and through the will, upon its being proved and admitted to probate, subject only to the widow's dower, if there be a widow not otherwise provided for, and the claims of legatees and creditors, if any there be, and the sale of real estate is authorized for the payment of such. See 40 Cyc. 1995. No decree of court is necessary or appropriate to vest the title to real estate in the devisee. "Real estate, at the common law, becomes vested at once on the death of the owner in his heirs, or devisees, and the executor or administrator has as such no inherent power over it." 2 Schouler on Wills (5th ed.), Sec. 1212. See also *Magoon* v. *Pioneer Mill Co.*, 17 Haw. 159, 161, where the court said, "an executor is not in law entitled to possession of land," and *Trustees, etc.,* v. *Ena,* 18 Haw. 588, 590, where it was

said that "the executors have no jurisdiction over the real estate whether mortgaged or not in the absence of a petition to the probate court under R. L. (1905) Sec. 1855, reciting that the personal estate is insufficient for the purpose of paying debts. Woerner, Administration, Sec. 338."

We therefore reply to the first question in the negative. Our reply to the second question is that the devisees take title to the real estate directly by and from the will and not by virtue of a decree of distribution. The third question requires no answer.

*Mott-Smith & Lindsay* for Henrietta K. Bishaw.