KAHOLOLANI SPENCER *v.* E. FAXON BISHOP, ALBERT F. JUDD, RICHARD H. TRENT, GEORGE H. COLLINS AND JOHN K. CLARKE, EXECUTORS AND TRUSTEES OF THE ESTATE OF A. AKAHI, DECEASED.

No. 1932.

ARGUED DECEMBER 18, 1929.    DECIDED JANUARY 25, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is a suit in equity, the bill of complaint being designated upon its face by the complainant as a "bill in equity for construction of the will of A. Akahi, deceased." A demurrer presented by the respondents was sustained by the circuit judge and the bill was dismissed without leave to amend. From a decree to that effect the complainant appeals to this court.

The allegations of the bill are quite lengthy but in their essence they may be summarized as follows: that the

complainant is "the next of kin and the heir at law" of one A. Akahi, deceased; that the said A. Akahi was the wife of one J. W. Kapaa and died on October 8, 1877; that she left within the jurisdiction of the court real estate of the value of over $100,000, and also personal property; that on November 6, 1877, the will was admitted to probate by the Honorable A. F. Judd, associate justice of the supreme court of the Kingdom of Hawaii, and that the said supreme court at that time had "the same jurisdiction now vested in the above entitled court," that is to say, in the circuit court of the first judicial circuit, with reference to the admission of wills to probate; that by virtue of the order of probate the real estate of the decedent was held by the devisees named in the will until 1883, "when the management and possession of said lands of the said A. Akahi, deceased, changed over to the trustees of the estate of Bernice Pauahi Bishop * * * and other persons mentioned in said will * * * of said Bernice Pauahi Bishop;" that the will of A. Akahi "is uncertain and ambiguous and that complainant is in doubt as to the true construction of said will;" that "under the laws of the country at the time of the making of said will and the probating of said will * * * the said A. Akahi, being then and there a married woman, could not make a will, and * * * was * * * by reason of her said existing marriage, utterly incapable of devising lands" by will; that by reason of the incapacity of the married decedent to make a will "the title to none of the said real or personal property" of the decedent "was conveyed or passed title by the admitting of the will to probate, and that said property real and personal is now at this time subject to distribution" and "has not been disposed of by said will;" that decedent's husband, J. W. Kapaa, died in March, 1890; that Bernice Pauahi Bishop died in the year 1884; that the will of A. Akahi gave to Mrs. Bishop

"no title whatsoever" to land at Kaaipu in Manoa, Oahu, which the will purported to devise to Mrs. Bishop; that the terms of the will are ambiguous and contradictory in that the will devised the "real estate described therein to her husband, J. W. Kapaa, then in another part devised, as a contingent remainder, the said same piece in case of his death" to Mrs. Bishop "and then in still another place, devised the same piece of land as the part and parcel of all of her estate real and personal" to Mrs. Bishop; and that the will is therefore void save as to the appointment of executors and that that provision merely operated "to vest the said property in the said appointees for management as trustees for the heirs at law of the said A. Akahi;" that the will is void because its devises "are against the statute of perpetuity, the restraint on alienation of the real property being for more than the period of two lives in being and a reasonable time thereafter;" that at the time of the admission of the will to probate there were minor heirs of Akahi "who had no guardians appointed to represent them at the said hearing * * * and that the said proof of the said will is open to impeachment for that reason at this time;" that between the date of the execution of the will and the date of the death of the decedent real and personal property was acquired by the decedent and that the will could not operate to pass this property; that the lands left by the decedent "are in the possession of the respondent trustees" under the will of Bernice Pauahi Bishop, deceased; that the trustees and executors under the will of Akahi have not filed any inventory of the property of the decedent and that no final decree of distribution has been entered; that the will of Akahi is a cloud upon the title of the complainant in the real property.

The prayer is for an injunction restraining the respondents from disposing of the property devised by the

will of Akahi and that complainant "have judgment of the construction and direction of the honorable court in regard to the true construction of the legal effect and meaning of the said clauses of said will as to her duties in said premises" and that "the costs of construing said will * * * be charged as necessary expense in the matter of the estate of Bernice Pauahi Bishop" and be paid by the respondents.

As we understand the allegations of the bill the foundation of the suit seems to be the assumption or contention that a married woman could not in 1877 execute a valid will, that is, that she was without legal capacity so to do. A sufficient answer to this contention is that a statute in force at that time (C. C. 1859, Secs. 1463, 1464), in addition to stating that "every person of full age, and of sound mind, may dispose of his estate, both real and personal, by will," specifically declared that "any married woman may dispose, by will, of all property belonging to her in her own right, in like manner as a person under no disability might do." The language of this statute is clear and unambiguous. Akahi was not in the eyes of the law incapacitated from making a will merely by reason of the fact that she was at the time a married woman.

There are no allegations of fact in the bill tending to show that for any other reason the will was invalid. So, also, it does not appear from the allegations of the bill that the present complainant claims under the will or as a purchaser or heir from any devisee named in the will. On the contrary, it appears that her claim is solely as an heir at law of the testatrix.

The will does not expressly create a trust. It is a short and simple document, in Hawaiian. There are only two paragraphs or clauses of devise or bequest. In one the testatrix gives to her husband Kapaa "during his lifetime" a piece of land called Kaaipu, situate at Manoa on

this island, with the provision that "if he dies, then the land shall come back to my heir, my kaikamahine" (literally, "daughter") "namely Bernice Pauahi Bishop, wife of Charles R. Bishop, of Honolulu, and her heirs forever." By the other clause the testatrix devises and bequeaths "all my property belonging to me at my death, personal and real property of every kind, wherever situate, to my beloved kaikamahine, Bernice Pauahi Bishop, wife of Charles R. Bishop, of Honolulu, for her and her heirs and assigns forever." In other words, it gives one named piece of land to her husband for the remainder of his life and gives all the remainder of her property to Bernice Pauahi Bishop, including the remainder in fee in the land the life estate in which is given to the husband. No facts are alleged in the bill supporting the complainant's theory that the executors of the will became by implication trustees for the complainant. Legal estates only were created by the will. It has been definitely held in this jurisdiction that "in accordance with the great weight of authority, * * * a court of equity has no jurisdiction to construe a will where, as here, no trust is involved and the claims of the parties are of strictly legal interests in land." *Paiko* v. *Boeynaems,* 21 Haw. 196, 200. To the same effect is *Estate of Kaiena,* 24 Haw. 148, 150. The allegations of the bill show that the complainant is claiming the legal title to the lands of the decedent. As a suit for the construction of a will the present proceeding cannot be sustained.

The contention set forth in the bill that land acquired by Akahi between the date of the execution of her will and the date of her death did not pass under the will is, it need hardly be stated, unfounded. It is well settled in Hawaii that a will takes effect as of the death of the testator and, in the absence of provisions to the contrary, affects property owned by him immediately prior to his death. Sec-

tion 3327, R. L. 1925, provides that "every devise, purporting to be a devise of all the real or personal estate of the testator, shall be construed to convey all the real or personal estate belonging to him at the time of his decease, unless it shall clearly appear by the will that he intended otherwise."

It is entirely clear from the allegations of the bill that the respondents are in possession and that the complainant is out of possession. If the respondents are unlawfully holding possession of any land belonging to the complainant, the latter has an ample remedy at law, either by an action of ejectment or by a statutory action to quiet title.

There is no equity in the bill. In our opinion it is not amendable. The decree dismissing the bill without leave to amend is affirmed.

*C. T. Ross* (also on the briefs) for complainant.

*A. G. M. Robertson* (*Robertson & Castle* on the brief) for respondents.