HAWAIIAN TRUST COMPANY, LIMITED, EXECUTOR AND TRUSTEE UNDER THE WILL OF WILLIAM F. POGUE, DECEASED, *v.* MINNIE KENN POGUE.

No. 2102.

Submitted May 12, 1933.       Decided September 13, 1933.

Perry, C. J., Banks, J., and Circuit Judge Godbold
in place of Parsons, J., unable to attend
on account of illness.

OPINION OF THE COURT BY BANKS, J.

This is a suit in equity by which is sought the construction of certain provisions contained in the last will and testament of William F. Pogue, who died on the 21st day of February, 1932. The will was duly admitted to probate and the Hawaiian Trust Company, petitioner herein, was appointed and thereafter duly qualified as executor and trustee. The respondent demurred to the bill, one of the grounds being that it appeared from the facts alleged that the court was without jurisdiction to construe the will. The demurrer was overruled by the circuit judge, and under the statute the respondent was allowed an interlocutory appeal to this court.

Among the bequests made by the testator, and the only one upon which the instant suit is based, is the following: "(12) To Minnie Kenn Pogue, widow of my deceased son, Fred McCall Pogue, of Wailuku, Maui, Territory of Hawaii, the sum of Ten Dollars in cash, together with that portion of Homelani Farm, at Makawao, Maui, known as Lot 2 thereof, and the house thereon, (all the furniture therein, save and except the Majestic radio hereinbefore bequeathed to Cory Coville Pogue, being her own property), for her use so long as she shall reside on the Island of Maui, Territory of Hawaii, subject only to the rights of Kakuearo Matsunobu and Tome Matsunobu, his wife, as hereinabove set forth, said Minnie Kenn Pogue to designate the portion of said Lot 2 on which said Kakuearo Matsunobu and Tome Matsunobu may erect their dwelling. Upon the removal of said Minnie Kenn Pogue from the Island of Maui or in the event of her death, said Lot 2 shall go to the trustee hereinafter appointed, as part of my residuary estate, and said trustee shall have the right to eject Kakuearo Matsunobu and Tome Matsunobu from said premises only for good cause."

On February 29, 1932, Minnie Kenn Pogue, the devisee

mentioned in this portion of the will, acting in compliance with its provisions, designated a portion of the land therein described for the use of Kakuearo Matsunobu and Tome Matsunobu, his wife. The remaining portion is now in the possession of the respondent, Minnie Kenn Pogue. This portion constitutes two-thirds of the total area of the land described.

It is alleged in the bill that the assessed value of this portion for taxation purposes is $80.53 and that the assessed value of the improvements thereon for taxation purposes is $2130, making a total of $2210.53. It is also alleged that the petitioner, as executor of the estate of the said William F. Pogue, has paid to the County of Maui, for the year 1932, the sum of $4.92 as taxes on the entire land described and has paid, for the same period, the sum of $94.48 as taxes on the improvements, making a total of $99.40. It is also alleged that the improvements on the property were on August 28, 1929, insured against fire by the said William F. Pogue, in the amount of $2500, for a period of five years, and that the said William F. Pogue paid in advance the full period premium of $45 and that on May 17, 1932, which was subsequent to the death of Pogue, the insurance company reduced the amount of insurance carried on the improvements to the sum of $2000 and returned to the petitioner the sum of $3.34 as a rebate on the premium which Pogue had paid. It is also alleged that on May 25, 1932, the petitioner made demand in writing on the respondent, Minnie Kenn Pogue, for the sum of $84.18 as reimbursement of her pro rata share of the taxes on the portion of the land in her possession, together with her pro rata share of the taxes on the improvements, from February 22, 1932, the day following the death of the said William F. Pogue, to December 31, 1932, the end of the taxation period. It is also alleged that on June 2, 1932, the petitioner made a

demand on the said Minnie Kenn Pogue for the further sum of $16.88, which it claimed as reimbursement on her pro rata share of the fire insurance premium which had been paid by William F. Pogue during his life, and that both of these demands were refused.

It is further alleged that questions have arisen between the petitioner and the respondent as to the construction, the validity and the legal effect of the will in question, particularly as to subparagraph twelve, which is the paragraph above quoted, and as to the liability of the respondent for the payment of taxes and the insurance premium pertaining to the land described in the paragraph and the improvements thereon, and that it is necessary to have these matters determined in order that the petitioner may know how to proceed with its duties. The prayer of the bill is that a decree be entered settling the construction of said will as to the responsibility for payment of the items mentioned.

The sole question presented by the bill is whether the respondent is liable to the executor for a portion of the expenditures made by it for taxes, and a portion of the insurance premium paid by the testator during his life. Whatever uncertainty may exist concerning this liability is not due to any ambiguity in the will itself. The terms of that paragraph to which we have referred, and which petititoner asks to have construed, are perfectly plain and require no construction by a court of equity to ascertain their meaning. The respondent's liability does not depend upon a construction of the will but upon the principles of law by which the rights and duties of a life tenant are governed. These principles may be applied in an action at law and the rights of the parties adequately determined. This being true a court of equity is without jurisdiction to grant the relief prayed for. In *Estate of Kaiena*, 24 Haw. 148, 150, this court said: "A court of

equity has no jurisdiction to construe a will where the claims of the parties are of a strictly legal character and no trust is involved." See also *Paiko* v. *Boeynaems,* 21 Haw. 196; *Spencer* v. *Bishop,* 31 Haw. 259, 263.

It is contended by the executor that by the terms of the will the case presented involves a trust and therefore a court of equity has jurisdiction. It is true that under another clause of the will the land devised to the respondent may at some future time become the subject of a trust but until that time arrives there is no trust involved. The clause referred to is as follows: "I devise and bequeath all the rest and residue of my real and personal property wheresoever situate, of which I may be possessed or to which I may be entitled at the time of my death, together with all property hereinabove devised which may revert to my said estate by reason of lapsed devises either before or after my death, unto the trustee named in this will, its successors and assigns, upon trust, however, as follows:" (Then follows the terms of the trust.)

While the paragraph of the will relating to the devise to Minnie Kenn Pogue, which we have already quoted, provides that "upon the removal of said Minnie Kenn Pogue from the Island of Maui or in the event of her death, said Lot 2 shall go to the trustee hereinafter appointed, as part of my residuary estate," until one or the other of these events occurs the land devised to Mrs. Pogue does not come under the control of the petitioner as trustee.

The order overruling the demurrer is reversed and the case is remanded for such further proceedings as are not inconsistent with this opinion.

*A. E. Jenkins* for petitioner.

*E. Vincent* for respondent.