**UNITED STATES of America, Plaintiff,**

v.

**FIRST NATIONAL BANK & TRUST COMPANY OF LEXINGTON, Security Trust Company and First Security National Bank & Trust Company of Lexington, Defendants.**

**No. 1424.**

United States District Court
E. D. Kentucky,
Lexington.

July 27, 1962.

Robert F. Kennedy, U. S. Atty. Gen., Larry L. Williams, Melvin Spaeth, George J. Mitchell, Lawrence F. Noble, Attys., Dept. of Justice, Washington, D. C., for plaintiff.

Stoll, Keenon & Park, John L. Davis, Gladney Harville, Gayle A. Mohney, Robert M. Odear, Harbison, Kessinger, Lisle & Bush, Clinton M. Harbison, Rufus Lisle, Lexington, Ky., for defendants.

HIRAM CHURCH FORD, Chief Judge.

Invoking jurisdiction under section 4 of the Sherman Act, (15 U.S.C.A. § 4), the plaintiff seeks that the defendants be enjoined from carrying out an agreement of merger or consolidation charging that the defendants are engaged in an

unlawful combination, monopolization and attempt to monopolize interstate trade and commerce in violation of section 1 and section 2 of the Sherman Anti-Trust Act (15 U.S.C.A. §§ 1 and 2), which provide as follows:

§ 1. "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal * * *." (15 U.S.C.A. § 1)

§ 2 (as amended) "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by fine not exceeding fifty thousand dollars, or by imprisonment not exceeding one year, or by both said punishments, in the discretion of the court." (15 U.S.C. A. § 2, as amended).

Section 4 of the Act provides:

§ 4. "The several district courts of the United States are invested with jurisdiction to prevent and restrain violations of sections 1–7 of this title; and it shall be the duty of the several district attorneys of the United States, in their respective districts, under the direction of the Attorney General, to institute proceedings in equity to prevent and restrain such violations. * * *" (15 U.S.C.A. § 4).

The defendants challenge the jurisdiction of the court claiming that the above mentioned provisions of the Sherman Act have been rendered inapplicable to bank mergers or consolidations by the provisions of the so-called Bank Merger Act of 1960, as amended (12 U.S.C.A. § 1828 (c), as amended), which, in so far as here relevant, provides:

" * * * No insured bank shall merge or consolidate with any other insured bank or, either directly or indirectly, acquire the assets of, or assume liability to pay any deposits made in, any other insured bank without the prior written consent (i) of the Comptroller of the Currency if the acquiring, assuming, or resulting bank is to be a national bank or a District bank, * * *. In granting or withholding consent under this subsection, the Comptroller, * * * shall consider the financial history and condition of each of the banks involved, the adequacy of its capital structure, its future earnings prospects, the general character of its management, the convenience and needs of the community to be served, and whether or not its corporate powers are consistent with the purpose of this chapter. In the case of a merger, consolidation, acquisition of assets, or assumption of liabilities, the appropriate agency shall also take into consideration the effect of the transaction on competition (including any tendency toward monopoly), and shall not approve the transaction unless, after considering all of such factors, it finds the transaction to be in the public interest. In the interests of uniform standards, before acting on a merger, consolidation, acquisition of assets, or assumption of liabilities under this subsection, the agency * * * shall request a report on the competitive factors involved from the Attorney General and the other two banking agencies referred to in this subsection * * *. The Comptroller * * * shall * * * include in its annual report to the Congress a description of each merger, consolidation, acquisition of assets, or assumption of liabilities approved by it during the period covered by the report * * *."

The recent cases of California v. Federal Power Commission, 369 U.S. 482, 82 S.Ct. 901, 8 L.Ed.2d 54, and United States v. Radio Corporation of America, 358 U.S. 334, seem to compel

the conclusion that by the provisions of the above quoted "Bank Merger Act", Congress did not intend to confer upon the Comptroller of the Currency power to decide anti-trust issues, as such, or to supersede the provisions of the Sherman Act in any respect. Jurisdiction to pass on alleged anti-trust violations remain with the Courts irrespective of the action of the Comptroller of the Currency.

This conclusion is confirmed by the history of the legislation. In the Reports of the Committee of the Senate, referring to the Bank Merger Act which was passed as S. 1062, it is said:

"S. 1062 would not affect in any way the applicability of the Sherman Act to bank mergers or consolidations." (p. 3 Senate Report).

In the House Report it is said:

"S. 1062 would not in any way affect the applicability of the Sherman Act or the Clayton Act to bank mergers." (p. 9 of the House Report), U.S.Code Cong. and Adm. News 1960, p. 2002.

Upon the issues of fact presented by plaintiff's allegations in respect to violation of the Sherman law, this case was tried to the Court beginning on February 19, 1962 and continuing to and including February 27, 1962. On the testimony introduced and the exhibits and admissions filed, I find the material facts to be as follows:

Prior to the merger or consolidation herein referred to the defendant First National Bank and Trust Company of Lexington was and for many years had been a National banking association organized under the laws of the United States, engaged in interstate commerce, with its principal place of business in Lexington, Ky. It conducted its commercial banking business through four offices, all of which were located in Fayette County, Kentucky. As of December 31, 1960, it was the largest bank in Fayette County having total assets of $65,069,000, total deposits of $58,673,000 and total net loans and discounts of $35,434,000.

The defendant Security Trust Company was a State bank duly organized under the laws of the State of Kentucky, engaged in interstate commerce, with its principal place of business in Lexington, Ky. It conducted a general commercial banking business through two offices, both of which were located in Fayette County, Ky. As of December 31, 1960, it had total assets of $21,033,000, total deposits of $17,402,000 and total net loans and discounts of $12,317,000.

The financial history and condition of both banks were excellent and both had a long record of successful operation and high standing in the community. Consolidation of neither of these banks was motivated by necessity to protect their depositors or shareholders.

Since 1957, the officials of First National Bank and Trust Company and Security Trust Company, from time to time, had under consideration the question of their consolidation. Finally in late 1960 the Board of Directors of both banks entered into an agreement of consolidation and on January 10, 1961, the agreement was approved by the shareholders of both banks. Application was duly made to the Comptroller of the Currency for his approval. In so doing, the banks complied with all statutory requirements governing the method and procedure by which consolidation might be effected and furnished to the Comptroller the information required under the Bank Merger Act.

After receiving adverse reports submitted by the Federal Reserve Board, the Federal Deposit Insurance Corporation, and the Attorney General, on February 27, 1961, the Comptroller of the Currency approved the proposed consolidation, and authorized the consummation of the merger under the name "First Security National Bank and Trust Company of Lexington", which was duly put into effect on March 1, 1961. Later on the same day, this action was filed.

As of December 31, 1960, there were in operation in Lexington, beside the First National Bank and Trust Company

and Security Trust Company, four other commercial banks, namely:

Citizens Union National Bank and Trust Company, with total assets of $27,876,000, total deposits of $24,569,000 and total net loans and discounts of $14,457,000;

Bank of Commerce, with total assets of $21,230,000, total deposits of $19,500,000 and total net loans and discounts of $12,738,000;

Central Bank and Trust Company, with total assets of $14,930,000, with total deposits of $14,144,000, and with total net loans and discounts of $7,799,000;

Second National Bank and Trust Company, with total assets of $13,240,000, total deposits of $12,157,000 and total net loans and discounts of $5,362,000.

It appears that as a result of the consolidation of First National Bank and Trust Company and Security Trust Company, the new bank, First Security National Bank and Trust Company, had 52.70 percent of the assets of all commercial banks in the county, 51.95 percent of the total deposits of all commercial banks in the county and 54.20 percent of the total loans and discounts of all commercial banks in the county.

As to its trust business, it had 79.62 percent of the trust business of all commercial banks in the county.

Before and since the consolidation herein referred to, all the banks in Fayette County have been operated successfully in the field of commercial banking and in competition with each other.

The service area of each of the above named banks at all times herein referred to was and has been Fayette County, Ky., the place of residence of a large majority of their customers.

In the trial of the case, other than the officials and employees of the defendant, First Security National Bank and Trust Company, numerous witnesses, most of whom were men of long experience in the field of banking, testified to the effect that, in their opinion, the consolidation of the two Lexington banks herein referred to would not lessen competition in the banking field in Fayette County and did not tend to create a monopoly in that field.

According to their testimony, the fact that the merged bank had a large percentage of the trust business of the community did not and would not substantially restrain or lessen competition in the field of commercial banking.

In addition to statistical facts shown by the numerous exhibits filed, the plaintiff introduced as witnesses to sustain its contention only the presidents of three of the local banks who expressed considerable fear that the consolidation would result in serious loss to the other banks and would be disastrous to some of them. The testimony given by these witnesses seems based merely upon surmise and is lacking in factual support.

It is undisputed that in recent years Lexington has grown and expanded industrially to a remarkable extent.

No predatory act or conduct on the part of the defendants is shown by the testimony introduced at the trial or by plaintiff's exhibits. On the other hand, the consolidation herein referred to clearly appears to have been the result of a lawful program of expansion on the part of the merging banks rather than an invidious scheme to restrain competition or to secure monopoly in the local field of banking.

CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and the subject matter of this action.

■ 2. The merger of First National Bank and Trust Company and Security Trust Company does not constitute a combination in unreasonable restraint of interstate trade or commerce in the field of commercial banking and does not violate Section 1 of the Sherman Act.

3. The merger of First National Bank and Trust Company and Security Trust Company is not an unlawful combination to monopolize, or an unlawful attempt to monopolize, interstate trade or commerce in the field of commercial

banking in violation of Section 2 of the Sherman Act.

4. For the reasons indicated, judgment should be entered for the defendants dismissing the complaint.