FIRST SECURITY NATIONAL BANK & TRUST CO.
OF LEXINGTON ET AL. *v.* UNITED STATES.

No. 141.   Decided October 18, 1965.

*Paul A. Porter* and *Victor H. Kramer* for appellants.

*Solicitor General Cox, Assistant Attorney General Turner* and *Lionel Kestenbaum* for the United States.

PER CURIAM.

In *United States* v. *First National Bank,* 376 U. S. 665, this Court held that the merger of First National Bank and Trust Co. of Lexington, Kentucky, with Security Trust Co. of Lexington to form First Security National Bank and Trust Co. violated § 1 of the Sherman Act, 26 Stat. 209, 15 U. S. C. § 1.   The Court's judgment remanded the case to the District Court "for further proceedings in conformity with the opinion of this Court." Thereafter, on July 1, 1964, the District Court ordered the parties "to report to the court the progress made in complying with the judgment" of the Supreme Court. On application of the parties, the reporting date was thrice postponed to permit negotiations between First Security and the Government concerning an appropriate

plan of divestiture. When, on the final date for reporting, February 16, 1965, the parties jointly presented only a proposed interlocutory decree providing that the detailed plan for divestiture would be submitted within six months, the District Court held First Security, its executive officers and directors in contempt. Although there is some indication that the District Court was dissatisfied with the compliance of the bank with the District Court's order of July 1, 1964, the contempt judgment itself was entered because the delay in submitting a final plan of divestiture was a failure "to comply with the mandate of the Supreme Court . . . ." The court imposed a fine of $100 per day until the contempt had been purged by "full compliance with the mandate of the Supreme Court."

The District Judge's interpretation of this Court's judgment was erroneous. We remanded the case for further proceedings in the District Court consistent with this Court's opinion. Neither the opinion nor the judgment of this Court expressly dealt with the matter of remedy and neither ordered divestiture within any particular period of time. Compare *United States* v. *El Paso Natural Gas Co.*, 376 U. S. 651, 662 (decided the same day as the prior appeal in this case and directing the District Court to order divestiture without delay). No order of divestiture was entered in the District Court until March 18, 1965, a month after the bank had been held in contempt. The District Court has the authority to require obedience and to punish disobedience of its lawful orders and decrees, 18 U. S. C. § 401, but this record reveals nothing the bank did or failed to do which violated the judgment of this Court. The judgment holding the bank, its executive officers and directors in contempt is

*Reversed.*

MR. JUSTICE FORTAS took no part in the consideration or decision of this case.