UNITED STATES of America,
Plaintiff,

v.

FIRST NATIONAL BANK AND TRUST
COMPANY OF LEXINGTON, KEN-
TUCKY, Security Trust Company, and
First Security National Bank and Trust
Company of Lexington, Kentucky, De-
fendants.

Central Bank and Trust Company and
Dages I. Boyle, Individually, and as a
Representative of the First National
Bank & Trust Company of Lexington,
Kentucky, Intervenors.

No. 1424.

United States District Court
E. D. Kentucky,
Lexington Division.

Dec. 29, 1967.

Donald F. Turner, Asst. Atty. Gen., William H. McManus, William D. Kilgore, Jr., Charles L. Whittinghill, Attys., Dept. of Justice, Washington, D. C., for plaintiff.

Arnold, Fortas & Porter, Washington, D. C., Stoll, Keenon & Park, Harbison, Kessinger, Lisle & Bush, Lexington, Ky., for defendants.

Sidney Harris, Earl W. Kintner, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., Earl Wilson and Edwin F. Schaeffer, Jr., Frank Ginocchio, Lexington, Ky., for intervenors.

## OPINION

SWINFORD, Chief Judge.

This case has had a long and tortuous career. The record is now before the court on a stipulation between the plaintiff and defendants to enter a proposed final judgment which is tendered with the stipulation. Both the stipulation and the proposed final judgment are made a part of this opinion as appendages.

To give a detailed and comprehensive history of this case would add nothing to an understanding of the conclusions the court reaches here and would be but boring both to the litigants and their counsel who have been over these facts so many times. It is necessary, however, in order to properly establish the basis of the motions now before the court to give very briefly the steps by which the case has come to this point.

Lexington, Kentucky is a relatively small city. It is the center and heart of a rich agricultural section known as the Bluegrass region of Kentucky. Formerly there was relatively little industry in the locality and the principal business in Lexington and its environs was agriculture. While agriculture is still most likely the principal business of the region, many industrial plants have moved into Lexington and the surrounding county seat towns and have become a major source of the economic life of the locality. The First National Bank and Trust Company of Lexington and the Security Trust Company prompted by an idea, so they say, that big business requires big financing, arranged between themselves to merge their banking operations into one large commercial bank and trust company to be known as the First Security National Bank and Trust Company of Lexington. All preliminary steps were taken and the proposed merger was approved by the Comptroller of the Currency of the United States. The merger was consummated on March 1, 1961 and later on the same day the United States filed its complaint against the two independent banking institutions, pursuant to Section 4 of the Sherman Act, seeking to enjoin alleged violations of Sections 1 and 2 of that Act. 15 U.S.C.A. §§ 1, 2. By an amended complaint, filed on March 3, 1961, the First Security National Bank and Trust Company of Lexington was joined as a party to the action.

A trial was held in this court, at which the parties and all competitors were given an opportunity to be heard in opposition to the merger. The court was of the opinion that there was no violation of either Section 1 or Section 2 of the Sherman Act, but as a precautionary measure required, by order, that the defendants agree to keep separate their respective business transactions until the time for appeal had expired, or, in the event of an appeal, until the case had been finally determined. The opinion of the trial court is found in the case of United States v. First National Bank & Trust Co. of Lexington, D.C., 208 F. Supp. 457.

The United States prosecuted an appeal and on April 6, 1964, the Supreme Court reversed the judgment of this court and held that the merger of the defendants, First National Bank and Trust Company of Lexington and the Security Trust Company, violated Section 1 of the Sherman Act. It declined to review the question posed by the complaint under Section 2 of the Sherman Act and re-

manded the case to this court for further proceedings in conformity with its opinion. United States v. First National Bank & Trust Co. of Lexington et al, 376 U.S. 665, 84 S.Ct. 1033, 12 L.Ed.2d 1. No steps were taken to effect a separation of the banking business of the First National Bank and Trust Company of Lexington and the Security Trust Company, being operated as the First Security National Bank and Trust Company of Lexington. This court was of the opinion that the defendants were ignoring the decision of the Supreme Court and deliberately delaying a compliance with its mandate and thereupon entered an order holding the banks in contempt. An appeal was taken from this order and it was reversed by the Supreme Court, 382 U.S. 34, 86 S.Ct. 157, 15 L.Ed.2d 28 on the ground that no order of divestiture had been entered and that therefore the defendants were not in contempt of any order of the court.

On March 18, 1965, this court entered a divestiture order which required the creation of a separate, competitive and independent commercial bank to be the equivalent of the former Security Trust Company. Subsequently, on April 29, 1965, an order was entered clarifying in minor respects the order of March 18, 1965.

Before the divestiture, directed by these orders, was accomplished, the Congress of the United States enacted Public Law 89–356, 80 Stat. 7, designated as the Bank Merger Act of 1966. Section 2(a) of this Act provides as follows:

"Any merger, consolidation, acquisition of assets, or assumption of liabilities involving an insured bank which was consummated prior to June 17, 1963, the bank resulting from which has not been dissolved or divided and has not effected a sale or distribution of assets and has not taken any other similar action pursuant to a final judgment under the antitrust laws prior to the enactment of this Act (Feb. 21, 1966), shall be conclusively presumed to have not been in violation of any antitrust laws other than section 2 of the Act of July 2, 1890 (section 2 of the Sherman Antitrust Act, 15 U.S.C. 2) (section 2 of Title 15)."

After this statutory enactment there is no indication from the record that the defendants made any effort to comply with the orders of the court with respect to the matter of divestiture.

On April 28, 1966 the United States moved the court for an adjudication that the merger of the defendants violated Section 2 of the Sherman Act because the Bank Merger Act does not apply to banks which are in violation of Section 2 of the Sherman Act. By order of February 1, 1967, the motion was overruled for reasons set forth in a written opinion. United States v. First National Bank & Trust Co., et al, D.C., 263 F. Supp. 268.

On March 30, 1967, the plaintiff filed a notice of appeal to the Supreme Court from the order of this court of February 1, 1967. So far as the court is advised no further steps were taken to prosecute the appeal and on August 7, 1967, the plaintiff and defendants filed the stipulation in this court consenting to the entry of a final judgment. See appendix.

On September 15, 1967 the Central Bank and Trust Company, a commercial banking institution of Lexington, Kentucky, filed a motion "for leave to intervene as a party plaintiff in order: (1) to move that the Court not accept the proposed Final Judgment prior to hearing Central Bank's motions to intervene and for other relief; (2) to move that the proposed Final Judgment not be accepted by this Court; and (3) to move that this Court reconsider its decision of February 1, 1967, upholding the consolidation of First National Bank and Trust Company of Lexington and Security Trust Company resulting in the establishment of First Security National Bank and Trust Company of Lexington; and (4) to permit it to file the intervening Complaint attached hereto."

On the same date Dages I. Boyle, individually and as a representative of the First National Bank and Trust Com-

pany of Lexington and the Security Trust Company, filed his motion to intervene as a party plaintiff in order to oppose the entry of the final judgment. Dages I. Boyle is a citizen and resident of Fayette County, Kentucky, a stockholder in the defendant Security Trust Company and a stockholder in the First Security National Bank and Trust Company of Lexington.

Both the plaintiff and the defendants vigorously oppose the right of these two intervenors to be permitted to intervene and be heard on the question of the propriety of the entry of the stipulation and final judgment.

The court is of the opinion that both the petitioners should be permitted to intervene and thereby permitted to be heard in opposition to the proposed final judgment. I rest my decision on the case of Cascade Natural Gas Corp. v. El Paso Natural Gas, 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814, which I believe to be directly in point. If the Court by its decision in Cascade grants intervention of right to any volunteer claiming to speak for the public interest when he can convince a court that the Government might have used bad judgment in conducting or settling a lawsuit, these intervenors are well within the class entitled to intervene. The interpretation of the opinion is that made by a member of the Court who sat in the case. See dissenting opinion of Mr. Justice Stewart.

Equal justice under law means that any court action, whether civil or criminal, should be a satisfying experience to each litigant; not that each litigant would be satisfied with the results, but satisfied that his rights have been thoroughly and objectively considered. I do not mean to imply that the United States has not conscientiously represented the public interest, but I do seriously question its judgment in not permitting this case to go to a final decision by the Supreme Court. The plaintiff here had consistently taken the position that the action of these two banking institutions was unlawful and contrary to the public interest of the Lexington community. It was eventually sustained in this position by the Supreme Court. When the Congress sought to legislate the question by the enactment of the statute referred to, the United States again vigorously challenged the sufficiency of the statute to cover the issues presented by the record in this court. Its position was overruled and it proceeded to take an appeal. Suddenly, and I may assume without warning to anyone, the plaintiff makes about a ninety percent capitulation and now becomes the advocate of the merger.

I do not question the right of the United States or any other public agency to compromise litigation in which it is involved, but I do believe that the United States should go very slowly in cases of this character where the whole community, comparatively small though it may be, is deeply concerned and especially where the Supreme Court in reversing the lower court said:

" * * * we think it clear that significant competition will be eliminated by the consolidation * * *; that the 'image' of 'bigness' is a powerful attraction to customers, an advantage that increases progressively with disparity in size; and that the multiplicity of extra services in the trust field which the new company could offer tends to foreclose competition there.

"We think it clear that the elimination of significant competition between First National and Security Trust constitutes an unreasonable restraint of trade * * *."

Compromising cases of this magnitude, when they have reached the stage that that this case has reached, creates a feeling of uneasiness in the public mind. American justice is so constituted that not only should it be fair and impartial but the litigants and the public should know that it is fair and impartial.

I may assume that the decision of this court will be reviewed by a higher court and in order to give such reviewing court a ruling on all questions presented, with a hope of bringing the litigation to

a conclusion within a reasonable time, I will proceed to rule upon each of the questions raised by the intervenors:

■ (1) The attack upon the Bank Merger Act of 1966 as unconstitutional is not well taken. The litigation was not final, notwithstanding the fact that an order directing divestiture had been entered, as the order itself retained the case on the docket for the purpose of guiding and determining whether or not any action on the part of the defendants contravened the directive of the order. Nothing had been done toward carrying out the orders of the court and no report of progress had been made of record. To deny the Congress the right to enact legislation finally settling a question of fact that was still open and subject to further orders of the court, would invite a criticism of ignoring the separation of powers assured by the Constitution to a much greater extent than is urged here by the intervenors in the criticism of the Congressional enactment involved. Paramino Lumber Co. v. Marshall, 309 U.S. 370, 60 S.Ct. 600, 84 L.Ed. 814. I believe the question is settled in the case of State of Pennsylvania v. Wheeling and Belmont Bridge Co., 18 Haw. 421, 59 U.S. 421, 15 L.Ed. 435.

■ (2) The court declines to reconsider its ruling sustaining the merger on Section 2 of the Sherman Act for the reasons set forth in its opinion in United States v. First National Bank & Trust Company of Lexington, et al., D.C., 263 F.Supp. 268.

■ (3) There has been no showing of bad faith on the part of the United States and the final judgment submitted with the stipulation of August 7, 1967 should be entered and it is this day signed by the court.

An order in conformity with this opinion is this day entered.

## FINAL JUDGMENT

Plaintiff, United States of America, having filed its complaint herein on March 1, 1961, pursuant to Section 4 of the Sherman Act seeking to enjoin alleged violations of Sections 1 and 2 of the Sherman Act, and defendant First Security National Bank and Trust Company of Lexington, having appeared and filed its answer to such complaint, denying the substantive allegations thereof, this Court (Judge Ford) on July 30, 1962, after trial, having entered judgment for defendants holding that no violation of the Sherman Act had been shown (208 F.Supp. 457), plaintiff having appealed to the Supreme Court of the United States, the Supreme Court having on April 6, 1964 reversed the judgment of this Court and having held that the merger of the defendants First National Bank and Trust Company of Lexington and Security Trust Company violated Section 1 of the Sherman Act and having declined to review the questions posed by the complaint under Section 2 of the Sherman Act, and having remanded the case to this Court for further proceedings in conformity with its opinion (376 U.S. 665, 84 S.Ct. 1033, 12 L.Ed.2d 1), the Bank Merger Act (Public Law 86–463, 74 Stat. 129) having been amended on February 21, 1966 (Public Law 89–356, 80 Stat. 7), plaintiff on April 28, 1966 having filed its motion in this Court for an adjudication that the aforesaid merger violates Section 2 of the Sherman Act, this Court on February 1, 1967, having filed its order denying said motion and having filed its opinion upholding said merger, plaintiff on March 30, 1967, having filed its notice of appeal to the Supreme Court of the United States, plaintiff and defendant First Security National Bank and Trust Company of Lexington, by their respective attorneys, having each consented to the making and entry of this Final Judgment without this Final Judgment constituting any evidence or an admission by either party hereto with respect to any issue of fact or law herein, and this Court having considered the matter and being duly advised.

Now, therefore, upon the consent of the parties hereto, it is hereby

Ordered, adjudged and decreed, as follows:

## I.

This Court has jurisdiction of the subject matter of this action and of the parties hereto. The complaint states a claim upon which relief may be granted against First Security National Bank and Trust Company of Lexington under Section 2 of the Act of Congress of July 2, 1890 (15 U.S.C. § 2), commonly known as the Sherman Act, as amended.

## II.

As used in this Final Judgment:

(A) "First Security" means defendant First Security National Bank and Trust Company of Lexington which is a consolidation of defendant First National Bank and Trust Company of Lexington and defendant Security Trust Company.

(B) "Trust account" means any account held in the Trust Department of a commercial bank or trust company in Fayette County, Kentucky in its capacity as (1) trustee; (2) executor; or (3) custodian of securities or other property.

(C) "Non-testamentary trust account" means any account held in the Trust Department of a commercial bank or trust company in Fayette County, Kentucky in its capacity as trustee or custodian of securities or other property in which the trusteeship or custodianship was not created by Last Will and Testament.

## III.

Defendant First Security is enjoined and restrained for ten (10) years from the effective date of this Final Judgment from acquiring control over or merging with any other commercial bank having one or more offices in Fayette County, Kentucky.

## IV.

Defendant First Security is enjoined and restrained for five (5) years from the effective date of this Final Judgment from establishing any additional branch banking offices in Fayette County, Kentucky if, as a result of the establishment of such branch, defendant First Security would own or control more than one third of the total number of offices conducting a commercial banking business in Fayette County, Kentucky.

## V.

Defendant First Security is enjoined and restrained for ten (10) years from the effective date of this Final Judgment from acting as trustee or custodian of any non-testamentary trust account created subsequent to the effective date of this Final Judgment; provided, however, that nothing in this Final Judgment shall prevent defendant First Security from acting as trustee or custodian of any assets pursuant to an agreement executed at any time by any person (or spouse of any person) who is or at any time hereafter becomes an officer, director (including advisory directors) or employee of defendant First Security.

## VI.

Defendant First Security may petition this Court at any time (or times after January 1, 1969 to modify this Final Judgment by striking Section V therefrom and any such petition shall be granted if defendant First Security shall show to the satisfaction of this Court that in the year preceding the filing of such petition, it was acting as trustee, executor and/or custodian of either less than 25% by number, or less than 50% by dollar value of total assets (or both), of all trust accounts held by commercial banks in Fayette County, Kentucky. Plaintiff shall cooperate with defendant First Security in obtaining statistics showing the number and dollar value of trust accounts.

## VII.

For the purpose of determining or securing compliance with this Final Judgment and for no other purpose, and subject to any legally recognized privilege, duly authorized representatives of the Department of Justice shall, upon written request of the Attorney General, or of the Assistant Attorney General in

charge of the Antitrust Division, and on reasonable notice to First Security at its principal office, be permitted:

(1) Reasonable access, during office hours of First Security, to all books, ledgers, accounts, correspondence, memoranda and other records and documents in the possession or under the control of First Security relating to any matters contained in this Final Judgment; and

(2) Subject to the reasonable convenience of First Security and without restraint or interference from it, to interview officers or employees of First Security, who may have counsel present, regarding any such matters.

For the purpose of securing compliance with this Final Judgment, First Security, upon the written request of the Attorney General or of the Assistant Attorney General in charge of the Antitrust Division, and upon reasonable notice made to its principal office, shall submit such reasonable reports in writing to the Department of Justice with respect to matters contained in this Final Judgment as may, from time to time, be requested for the enforcement of this Final Judgment. No information obtained by the means provided in this Section VII shall be divulged by any representative of the Department of Justice to any person other than a duly authorized representative of the executive branch of plaintiff except in the course of court proceedings to which the United States of America is a party for the purpose of securing compliance with this Final Judgment or as otherwise required by law.

## VIII.

Jurisdiction is retained by this Court for the purpose stated in the Section VI of this Final Judgment and for the purposes of enabling any party to this Final Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment, the modification or termination of any provision thereof, for the enforcement of compliance herewith, and for the punishment of violations hereof.

## APPENDIX
## STIPULATION

It is stipulated by and between the undersigned parties, by their respective attorneys, that:

(1) The parties consent that a Final Judgment in the form attached may be filed and entered by the Court at any time after the expiration of thirty (30) days following the date of filing of this Stipulation without further notice to any party or other proceedings, either upon the motion of any party or upon the Court's own motion, provided that plaintiff has not withdrawn its consent as provided herein;

(2) The plaintiff may withdraw its consent hereto at any time within said period of thirty (30) days by serving notice thereof upon the other parties hereto and filing said notice with the Court;

(3) Plaintiff having filed on March 30, 1967, its notice of appeal to the Supreme Court of the United States, the parties hereto consent to the dismissal of that notice of appeal upon entry of the proposed Final Judgment attached hereto;

(4) In the event plaintiff withdraws its consent hereto, this Stipulation shall be of no effect whatever in this or any other proceeding and the making of this Stipulation shall not in any manner prejudice any consenting party in any subsequent proceeding.

## STIPULATION

It is stipulated by and between the undersigned parties, by their respective attorneys, that paragraphs (1) and (2) of the stipulation filed on August 7, 1967, are amended as follows:

(1) The parties consent that a Final Judgment in the form attached may be filed and entered by the Court at any time after the expiration of forty (40) days following the date of filing of this Stipulation without further notice to any party or other proceedings, either upon

the motion of any party or upon the Court's own motion, provided that plaintiff has not withdrawn its consent as provided herein;

(2) The plaintiff may withdraw its consent hereto at any time within said period of forty (40) days by serving notice thereto upon the other parties hereto and filing said notice with the Court.