**CITY OF CLEVELAND, OHIO**

v.

**The CITIES SERVICE OIL COMPANY**
and
**Hartford Accident & Indemnity Company.**

**CITY OF CLEVELAND, OHIO**

v.

**The HERTZ CORPORATION**
and
**Peerless Insurance Company.**

**CITY OF CLEVELAND, OHIO**

v.

**AVIS RENT A CAR SYSTEM, Inc.**

**Nos. C 68–850, C 68–896, C 68–897.**

United States District Court
N. D. Ohio, E. D.
March 26, 1969.

Clarence L. James, Jr., Director of Law, John F. Dolan, Sp. Counsel, James W. Head, Asst. Director of Law, Seymour Gross, Cleveland, Ohio, for plaintiff.

John H. Bustamante, David A. Nelson, Robert H. Kennedy, Squire, Sanders & Dempsey, Lizabeth A. Moody, Cleveland, Ohio, for defendants Cities Service Oil Co. and Hartford Accident & Indem. Co.

Robert H. Kennedy, John H. Bustamante, Cleveland, Ohio, for defendant Peerless Ins. Co.

Donald M. Robiner, Metzenbaum, Gaines, Krupansky, Finley & Stern,

Cleveland, Ohio, for defendant Avis Rent a Car System, Inc.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge:

These are three actions arising out of the plaintiff's operation of the Cleveland Hopkins International Airport. The defendants are users and lessees of airport facilities. The defendant insurance companies have supplied the City of Cleveland with bonds indemnifying the faithful performance by the other defendants of their various commitments to the City under their leases and uses.

In each of these cases, Seymour Gross has moved the Court for leave to intervene in the litigation. Since the legal issues involved in these motions are similar, the Court will consider them together in this opinion.

No. C 68–850: On June 24, 1968, Mr. Gross filed a written request with the Law Director of the City of Cleveland demanding that he bring suit against the Cities Service Oil Company, Hartford Accident & Indemnity Company, and OMM, Inc., for sums allegedly owed to the City in connection with the operation of a service station at the Cleveland Hopkins Airport. The Law Director did not institute such litigation. Indeed, he did not reply to Mr. Gross' letter.

On August 15, 1968, Mr. Gross filed a taxpayer's suit on behalf of the City of Cleveland and against the above-named defendants in the Common Pleas Court for Cuyahoga County, Ohio. The City of Cleveland was also named as a defendant, which is customary under Ohio procedure.

On November 8, 1968, the Law Director filed Case No. C 68–850 with this Court, naming the Cities Service Oil Company and Hartford Accident & Indemnity Company as defendants. Jurisdiction is based upon diversity of citizenship.

No C 68–896: On February 26, 1968, Mr. Gross filed a written request with the Law Director of the City of Cleveland, demanding that he bring suit against the Hertz Corporation and Peerless Insurance Company for amounts allegedly owed to the City for parking fees at the Cleveland Hopkins Airport. The Law Director did not institute such litigation. He did not reply to Mr. Gross' letter.

On April 9, 1968, Mr. Gross filed a taxpayer's suit in the Common Pleas Court of Cuyahoga County, Ohio. That suit was also brought on behalf of the City of Cleveland and named the Hertz Corporation and Peerless Insurance Company as defendants. The City of Cleveland was also named as a defendant, as is customary under Ohio procedural rules.

On November 27, 1968, the Law Director for the City of Cleveland filed Case No. C 68–896 with this Court against both the Hertz Corporation and Peerless Insurance Company. Jurisdiction of this Court is based upon diversity of citizenship.

No. C 68–897: On February 26, 1968, Mr. Seymour Gross made a written demand upon the Law Director of the City of Cleveland to file suit against the Auto Rental Company, Progressive Mutual Insurance Company, and Avis Rent a Car System, Inc., for monies allegedly owing to the City for parking fees at the Cleveland Hopkins Airport. The Law Director did not institute such litigation. He did not reply to Mr. Gross' letter.

On April 9, 1968, Mr. Gross filed a taxpayer's suit in the Common Pleas Court of Cuyahoga County against the above-named defendants. The City of Cleveland is also named as a defendant, as is customary under Ohio procedure.

On November 27, 1968, the City of Cleveland filed Case No. C 68–897 against Avis Rent a Car System, Inc. Diversity of citizenship is the basis of this Court's jurisdiction.

The claims asserted by the City of Cleveland in the three cases filed in this Court against the various defendants are substantially identical to the claims asserted by Mr. Seymour Gross in his taxpayer's suits in the Common Pleas Court of Cuyahoga County, Ohio. Mr. Gross has now moved to intervene in each of the cases filed in this Court "to protect the public interest and in furtherance of justice * * *."

The Court notes that the City of Cleveland, named as a defendant in each of the Common Pleas Court suits, demurred to Mr. Gross' claims in that litigation. This demurrer was sustained by the Common Pleas Court on the ground that a taxpayer may not maintain an action *at law* on behalf of a municipal corporation to obtain a money judgment. Mr. Gross has since amended his Petition in each case in Common Pleas Court so as to assert a claim in equity. These actions are presently pending before that court.

In his motions to intervene in each of the three cases in this Court, Mr. Gross originally moved to intervene as a defendant; he also moved to stay proceedings in this litigation pending the outcome of his suits in the Common Pleas Court. He has since amended his motions and now seeks to intervene as a plaintiff and to assert the claims set forth in his "second amended petition" in each case pending before the Common Pleas Court.

None of the defendants named in the various actions before this Court have filed any opposition to the proposed intervention. Only the City of Cleveland has opposed intervention.

Rule 24 of the Federal Rules of Civil Procedure regulates the matter of intervention in cases before the federal courts. It provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon all parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. * * *"

The City has opposed Mr. Gross' motions to intervene on a number of grounds. The City points out that Rule 24(a) requires that the applicant for intervention as of right demonstrate "an interest" in the subject matter of the litigation. The City asserts that Mr. Gross has no interest in the subject matter of this litigation, since the claims asserted here and in the Common Pleas Court are claims belonging to the City of Cleveland. Further, the City points out that Rule 24(a) requires the applicant be so situated "that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest." The City asserts that Mr. Gross has no interest to be protected. Having no interest, Mr. Gross

cannot claim that his "interest is [not] adequately represented by existing parties." To sum up the position of the City on this motion, the City asserts that Mr. Gross has no interest in the claims the City might have against the various defendants; that he, therefore, has no interest which this Court must protect or which can be impaired by the outcome of this litigation; and that, therefore, he may not intervene in this action "as of right."

Mr. Gross has asserted that the City initiated these Actions reluctantly and only after he began taxpayers' suits against these defendants in the Common Pleas Court. He asserts that the City is at best a reluctant plaintiff, and will not diligently proceed to protect the public interest.

Whether Mr. Gross may intervene "as of right" in this litigation is a close question. The Court notes that the Ohio courts grant intervention as a matter of right, or at least are very liberal in granting intervention, in the circumstances asserted here. Section 733.581, Ohio Revised Code.

Federal cases also indicate that an individual claiming to speak for the public interest may intervene as a matter of right in suits, such as the present one, where he asserts that the Government may have used bad judgment in conducting the litigation. Cascade Natural Gas Corp. v. El Paso Natural Gas Corp., 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967); United States v. First National Bank & Trust Co. of Lexington, Ky., 280 F.Supp. 260 (E.D.Ky.1967). Other federal cases have required intervention as of right, where this would encourage the settlement of all disputes in one lawsuit. Kozak v. Wells, 278 F.2d 104 (8th Cir. 1960).

On the basis of the above, it appears likely that Mr. Gross is entitled to intervene in this litigation *as of right* under the provisions of Rule 24(a). The Court is also of the opinion, however, that *permissive* intervention must be granted in this case under the provisions of Rule 24(b).

Rule 24(b) provides that intervention may be permitted "when an applicant's claim or defense in the main action have a question of law or fact in common." It further provides that: "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Most courts have held that intervention under the provisions of Rule 24(b) is to be liberally granted, so as to promote the convenient and prompt disposition of all claims in one litigation. Chalmers v. United States, 43 F.R.D. 286 (D.Kan. 1967); 20th Century Fox v. Jenkins, 7 F.R.D. 197 (S.D.N.Y.1967); United States v. C. M. Lane Life Boat Co., 25 F.Supp. 410 (E.D.N.Y.1938).

The courts have uniformly permitted intervention under Rule 24(b) where the applicant's claim or defense has a question of law or fact in common with the main action and where intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Chalmers v. United States, *supra*; Central Louisiana Elec. Co. v. Rural Electrification Administration, 236 F.Supp. 271 (W.D.La.1964); Rosen v. Bergman, 40 F.R.D. 19 (S.D.N.Y. 1966); Demeulanaere v. Rockwell Mfg. Co., 23 F.R.D. 689 (S.D.N.Y.1957).

Intervention has also been permitted where the intervening party seeks to assert derivatively a claim of the original parties as, for example, where a shareholder seeks to assert a right belonging to his corporation. Molybdenum Corp. of America v. International Mining Corp., 32 F.R.D. 415 (S.D.N.Y.1963); Nedick's Stores, Inc. v. Genis, 34 F.R.D. 235 (S.D.N.Y.1963). In the *Nedick's Stores, Inc.* case there was no question but that the company's own counsel was diligently prosecuting the case, and there was no suggestion of bad faith on the part of the company in conducting the litigation. Nevertheless, a shareholder

was permitted to intervene to assert additional claims belonging to the company which the company had concluded were without merit.

Intervention by other shareholders was permitted in a stockholder's derivative suit, where there were common questions of law and fact asserted by the intervenors, where no delay or confusion would be caused by the intervention, where no new issues were injected into the litigation, and where denial of intervention would be prejudicial to the proposed intervenors. Breswick & Co. v. Briggs, 138 F.Supp. 747 (S.D.N.Y. 1956).

At least one court has held that it is *error* for the district court to deny intervention in a case such as the present one:

"Where there exists a sufficiently close relationship between the claims and defenses of the intervenor and those of the original [parties] to permit adjudication of all claims in one forum and in one suit without unnecessary delay—and to avoid as well the delay and waste of judicial resources attendant upon requiring separate trials—the district court is without discretion to deny the intervenor the opportunity to advance such claims." Stewart-Warner Corp. v. Westinghouse Electric Corp., 325 F.2d 822 (2d Cir. 1963).

Intervention has often, indeed routinely, been permitted in more extreme factual situations than the present one. In Carroll v. American Fed. of Musicians, 33 F.R.D. 353 (S.D.N.Y.1963), intervention was permitted *on the eve of trial*, where the intervenor's complaint raised few new issues to the litigation. In Nedick's Stores, Inc. v. Genis, *supra*, the intervenor was permitted to assert *entirely new claims* against the defendant. In Distillers Co. Ltd. v. Standard Oil Co., 10 F.R.Serv.2d 18 a. 41, Case 5 (N.D.Ohio 1964), a case decided in this Court, intervention was permitted to a party who wished to intervene as a defendant and assert a new counterclaim, which introduced *entirely new issues* into the case, and under circumstances where venue on the counterclaim would be improper. In the *Distillers Co., Ltd.* case, the Court found that the intervention and counterclaim would not prejudice the original parties, and on that basis intervention was permitted.

The proposed intervenor in the present cases seeks to assert claims against the various defendants which unquestionably "have a question of law or fact in common" with the main actions. Indeed, it appears that the claims asserted by the intervenor in each case involve the same transactions asserted in the main actions. Furthermore, it is likely that the intervenor will be seriously affected in the prosecution of his Common Pleas Court actions by the outcome of the litigation before this Court.

None of the defendants have opposed intervention. The City of Cleveland has opposed intervention, but has not suggested any manner in which it might be prejudiced by the granting of intervention.

Undoubtedly, it would be preferable to have all of these various claims determined in one group of actions "rather than [having] several trials in different jurisdictions with possible contradictory results." Berman v. Herrick, 30 F.R.D. 9 (E.D.Pa.1962). Certainly, intervention will not delay this litigation significantly. Intervention will result in greater convenience to all the parties, and will certainly reduce the burden upon the defendants, who must otherwise defend two actions on the same claim. The Court cannot imagine any justification for two separate suits based upon the same transactions. All claims should be resolved in one litigation, if possible, and the defendants should not be subjected to the defense of two separate lawsuits.

Permitting intervention is even advantageous to the City of Cleveland in that it will foreclose any possible lingering

suspicion as to the City's good faith in prosecuting this litigation.

■ The Court notes that Mr. Gross, in each of his motions to intervene, has not filed a Complaint which satisfies the pleading requirements of the Federal Rules of Civil Procedure. He has attached to each motion a "Second Amended Petition." These do not contain the necessary allegation as to this Court's jurisdiction (Rule 8[a] [1]). They do not allege the jurisdictional amount. In addition, he seeks to add as defendants certain parties whose presence would destroy this Court's diversity jurisdiction.

These infirmities are not fatal to the motion to intervene. In Berman v. Herrick, 30 F.R.D. 9 (E.D.Pa.1962), the proposed intervenors sought to introduce issues and claims which were generally within the "basic framework" of the original case. The Complaint which they filed did not allege jurisdiction. Neither did their claim have the requisite jurisdictional amount; it also did not satisfy the diversity of citizenship requirement. In fact, the defendants were no longer even subject to service of process in the district. The Court permitted the intervention, however, stating: "There is no question that convenience, as well as economy of time, will be served by granting the intervention. Moreover, in our view it is preferable that all these claims be litigated in one trial rather than several trials in different jurisdictions with possible contradictory results." 30 F.R.D. at 13.

■ The presence of defects in the intervenor's pleadings will not defeat the motion for intervention. Where there are such defects, however, the intervenor will be required to amend his pleadings so as to comply with federal jurisdictional and pleading requirements. Benner v. Philadelphia Musical Society, 32 F.R.D. 197 (E.D.Pa.1963).

■ The Court will grant the motion of Seymour Gross to intervene in each of the three cases. This permission is conditional, however, on the amendment of his pleadings so as to conform to federal pleading requirements, and to properly plead diversity jurisdiction and the requisite jurisdictional amount. Leave will be given to Mr. Gross for twenty days from the date of this order in which to so amend. In submitting his amended Complaint, he will be permitted to align the City of Cleveland as a plaintiff rather than a defendant, in conformity with its real interest in this case. Mr. Gross, however, will not be permitted to include as defendants any company or organization or individual whose presence in this litigation will destroy the Court's diversity jurisdiction. Such inclusion would be manifestly unfair to the City of Cleveland, which has selected this federal forum.

It will, therefore, be ordered as follows: The motion for intervention is granted in each case. In each case, Mr. Seymour Gross, the intervening plaintiff, is given leave until twenty days from the date of filing of this order in which to amend his pleading so as to conform the pleading requirements of the Federal Rules of Civil Procedure. In so amending, he shall not include as defendants any individual, company, or organization, which is incorporated under the laws of Ohio, or which has its principal place of business in Ohio.

It is so ordered.