**Arthur H. CHRISTY et al., Plaintiffs,**

**v.**

**ATLANTIC INTERNATIONAL OIL CORP. et al., Defendants.**

**Civ. No. 71–402.**

United States District Court,
S. D. Ohio, E. D.

April 25, 1972.

Jerry D. Jordan, Vorys, Sater, Seymour & Pease, Columbus, Ohio, for plaintiffs.

Frederick M. Luper, Zacks, Luper & Durst, Columbus, Ohio, for defendants.

## OPINION AND ORDER

CARL B. RUBIN, District Judge.

The matter is before the Court on the motion of defendant Slawter to dismiss the complaint for insufficient service of process and for failure to state a claim upon which relief can be granted. These motions arise under Rules 4 and 8, Fed.R.Civ.P. and have been contested by plaintiff.

It appears that plaintiffs, in accordance with Rule 4(d)(7), Fed.R.Civ.P., attempted to serve Slawter, pursuant to Rule 4.1, Ohio Rules of Civil Procedure. The Ohio rule allows for service by certified mail "at the address set forth in the caption" and which in defendant's case was 1000 Urlin Avenue, Columbus, Ohio. It appears from exhibits attached to plaintiffs' Memorandum Contra Motion to Dismiss that the parties had a history of correspondence and that defendant received mail, including certified mail, at the Urlin Avenue address (See, generally, Exhibits A through J; also see Exhibits A and B).

The certified letter was returned to plaintiffs on January 6, 1972, with a Post Office notation on the mail receipt that service was refused at the Urlin Avenue address. Plaintiffs then proceeded under the provisions of Rule 4.-6(C), Ohio Rules of Civil Procedure. This rule provides in material part that:

> If service of process is refused, and the certified mail envelope is returned with an endorsement showing such refusal . . . the clerk [upon] a written request for ordinary mail service [by the attorney of record] . . . shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption . . .

This ordinary mail service occurred on January 10, 1972, and it appears that defendant Slawter was in fact served with process by this method.

Slawter now objects to this service on the ground that he personally had never refused the attempted delivery of the certified mail service under Rule 4.1. He further claims that he did not authorize anyone at the Urlin Avenue address to accept or refuse legal process in his behalf. Lillian Snyder, office manager of Atlantic International Oil Corporation's Urlin Avenue office, in an affidavit attached to defendants' motion to dismiss, claims that Slawter has not been present at said office since September, 1971; has authorized no one to receive process in his behalf; and that since January, 1972, the policy of the company has been that only the addressee of a certified letter has the authority to accept it.

The precise legal question before the Court is whether the refusal concept adopted in Rule 4.6(C), Ohio Rules of Civil Procedure, requires personal refusal by the person sought to be served. We hold that it does not.

The process provisions of the Ohio Civil Rules are broader and more flexible than similar provisions of the Federal Rules. Rule 4(d)(1), Fed.R.Civ.P., requires that an individual be served with a summons and complaint "personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion . . ." In addition, under the Federal Rules, process must be served by the United States Marshal. See Rule 4(c), Fed.R.Civ.P.

The Ohio Civil Rules do not contain similar requirements. Rule 4.1(1),

Ohio Rules of Civil Procedure, permits non-personal service by certified mail. This rule does not require that service of this kind must be addressed to the defendant's "dwelling house or usual place of abode." Instead it allows plaintiff to instruct the clerk to mail the certified service to "the address set forth in the caption or at the address set forth in written instructions furnished to the clerk." This rule is fully applicable through the operation of Rule 4(d)(7), Fed.R.Civ.P., on federal district courts sitting in Ohio.

 There is no language in either Rule 4.1(1) or 4.6(C), Ohio Rules of Civil Procedure, that would support the construction now urged upon the Court by defendant. We therefore refuse to read into the language of these rules the requirement that before ordinary mail service can be attempted the defendant must *personally* refuse attempted service by certified mail. We find instead that service by ordinary mail pursuant to Rule 4.6(C), Ohio Rules of Civil Procedure, is proper when a bona fide attempt is made to serve defendant by certified mail, at his home or business address, so long as the attempt is reasonably calculated that either the defendant or his agents or servants will be available to accept or refuse said process. We hold that in light of the history of communication between plaintiff in New York and defendant at 1000 Urlin Avenue, Columbus, Ohio, plaintiffs' abortive attempt to serve defendant by certified mail at said Columbus address met the standard outlined above and allowed them to complete service by ordinary mail as provided for in Rule 4.6(C), Ohio Rules of Civil Procedure.

As for defendants' second point, it does appear that plaintiffs have failed to comply with Rule 8(a)(1) which provides that a pleading shall contain "a short and plain statement of the grounds upon which the court's jurisdiction applies . . . " See, 2A Moore's Federal Practice, ¶ 8.07 [1] [4] (2d Ed.).

While it appears from the face of the complaint that jurisdiction is based on diversity jurisdiction, 28 U.S.C. § 1332, plaintiffs have failed to so allege. However, dismissal of the complaint for this omission alone would be unjustifiably harsh. Therefore, plaintiffs are given leave until twenty (20) days from the date of filing of this order to amend their pleadings to make them conform with the pleading requirements of Rule 8(a)(1), Fed.R.Civ.P. See, City of Cleveland, Ohio v. Cities Service Oil Company, 47 F.R.D. 543 (N.D.Ohio, E.D., 1969).

Accordingly, defendant Slawter's motion to dismiss the complaint for insufficient service of process is without merit and is hereby denied. Defendants' motion to dismiss for failure to state a claim is denied, conditioned upon plaintiffs filing, within twenty (20) days of the filing of this order, an amended complaint which clearly sets forth this Court's jurisdiction to proceed in the matter at bar.

It is so ordered.